# CASES

### IN

# THE SUPREME COURT

### OF

## PENNSYLVANIA.

---

## William H. Hunter, Plff. in Err., v. Edwin Thompson.

By an instrument in writing Thompson agreed to convey a tract of land to Hunter, for which Hunter agreed to pay as follows: Hunter to manufacture a specified quantity of pine lumber from timber on the land, for Thompson, the lumber to be stuck up at a specified place on the land and to be sold by Thompson, and, out of the proceeds, Thompson to receive the purchase money of the land, the balance to be paid to Hunter, and Thompson to release proportionate amounts of the lumber in case Hunter should pay him certain sums on the purchase money. The lumber was manufactured and stuck up by Hunter. Thereafter, Hunter having agreed to deliver to one Major a certain quantity of pine lumber from timber on the same land, Thompson released a part of the lumber to Major, on receiving from him for Hunter a certain sum to apply on the purchase money of the land, and Major agreed to pay Thompson for Hunter the amount called for by the agreement between Thompson and Hunter, and for all the lumber. Thereafter Major, with the knowledge and assistance of Hunter, but without the knowledge of Thompson, removed all the lumber and sold it. Thereupon Thompson sued Major on his agreement to pay for the lumber and obtained judgment for the balance of the purchase money of the land unpaid, which judgment was collected in part only. Thereafter Thompson tendered a deed to Hunter and, on his refusal to accept it, brought ejectment against him to enforce the original agreement for the purchase of the land. *Held,—*

(*a*)  That the manufacture of the lumber did not effect a payment of the consideration for the land, but the lumber was merely security for its payment in money, and it was intended that the lumber should remain on the land as such security.

(*b*)  That the sale of the lumber by Hunter to Major was in fraud of the rights of Thompson and that therefore Major stood on no higher ground than Hunter.

(*c*)  That the agreement between Thompson and Major did not operate as a sale of the lumber by Thompson to Major.

(*d*)  That Thompson's suit against Major was simply in pursuit of collateral security, and the judgment recovered therein was not a bar to the present suit.

(*e*)  That judgment in favor of Thompson against Hunter, for the land to be released upon payment of the balance of the consideration therefor, was proper.

(Decided October 4, 1886.)

Error to the Common Pleas of Warren County to review a judgment for plaintiff in an action of ejectment to enforce specific performance of a contract for the sale of land.   Affirmed.

Jury trial was waived and the cause submitted to the court, who delivered the following opinion:

The court finds the following facts from the evidence:   The legal title of the land in suit is in the plaintiff.   By articles under the hands and seals of the parties bearing date August 30, 1880, the plaintiff agreed that upon the payment of the stipulated purchase money he would convey and assure the premises to the defendant, his heirs and assigns, by deed of general warranty, clear of encumbrance.   In consideration of the agreements on the part of the plaintiff, the defendant agreed to pay the plaintiff the sum of $10,000, with interest thereon from the date, in manner following, *viz.:* The defendant to manufacture 1,000,000 feet of pine lumber from the timber on the land, for the plaintiff, and deliver the same stuck up at or near the mill which it was intended defendant should build on the land; the lumber to be manufactured and stuck up on or before January 1, 1882.   The lumber to be sold by the plaintiff at the highest market price, said price to be agreed to by defendant; and out of the proceeds the plaintiff to receive the purchase money for

the land, with interest, and the balance to be paid to the defendant. It was further agreed that if defendant should pay to plaintiff $3,000, the plaintiff should release three tenths of 1,000,000 feet of lumber, and so with any other sum paid, the lumber to be released in proportion to the money paid, that is, $1,000 to release one tenth, $2,000 two tenths, and so on. No pine timber other than such as is released to be removed from the premises. The 1,000,000 feet of lumber to be insured in the name of the defendant, the loss, if any, first payable to the plaintiff, as his interest may be, and the expense of the insurance to be paid by the parties equally.

The defendant did not manufacture and stick up at the mill the 1,000,000 feet of lumber by the 1st day of January, 1882, but he did so by the 25th day of March, 1882, and the plaintiff waived the delay.

By writing dated the 8th of August, 1881, the defendant agreed to deliver to one William M. Major 1,200,000 feet of pine lumber to be manufactured from timber to be cut from the land in suit; 1,000,000 feet to be delivered in one year from date, and the 200,000 feet in eighteen months, the lumber to be delivered on the cars at Spartansburg or Spring Creek Station. For the lumber so delivered Major agreed to pay defendant $14 per 1,000 feet.

On the 30th of March, 1882, at the request of the defendant, the plaintiff received from Major $3,000 to apply on the article of agreement for the sale of the land to Hunter, and by papers of that date which acknowledged the receipt, the plaintiff released 300,000 feet of the lumber and approved of the sale made by Hunter to Major, and on the same day Major executed a paper to the plaintiff, agreeing that in consideration of the extension of time to Hunter to manufacture and stick up the lumber, as provided by the agreement between the plaintiff and defendant, he, Major, would pay to the plaintiff "for said Wm. M. Hunter," as is mentioned in the agreement between the plaintiff and defendant dated August 30, 1880; and further, that at the expiration of six months from the said 30th of March (being the time of the extension to Hunter) he would pay plaintiff for the defendant for all lumber that should then be stuck up for four months.

After the 30th of March, 1882, Wm. M. Major, with the knowledge and assistance of the defendant, but without the knowledge of the plaintiff, removed all the lumber from the premises and sold the same.

The plaintiff brought suit against Major in the common pleas of Crawford county on the 11th day of December, 1882, claiming to recover for Major's failure to comply with his agreement to pay for the defendant, Hunter, at the expiration of six months from the 30th of March, 1882, for all lumber that should then have been stuck up for a period of four months, and upon the 27th of September, 1883, judgment was obtained in said suit against Major for a sum equal to the balance of the purchase money due from the defendant, Hunter, to the plaintiff.

Upon this judgment against Major the plaintiff realized some $1,700 or $1,800. The evidence not showing the precise amount or the time when the same was received by the plaintiff, approximating as near as we are able, we conclude that $1,800 was the amount, and the time the 1st of February, 1884.

The $3,000, as of date March 30, 1882, and the $1,800 as of date February 1, 1884, is all the plaintiff has received on the purchase money of the land sold defendant.

After the removal of the lumber, *viz.,* on the 4th of November, 1882, the plaintiff tendered a deed to the defendant, being of the kind stipulated for and the land being clear of encumbrances, and demanded the balance of the purchase money, at which time defendant said he was prepared to pay, and would pay, but that he was informed there was an outstanding tax title, but assigned no other reason for not paying. The deed from plaintiff to defendant was deposited in court at the time of the trial.

The facts are found as asked by the plaintiff in the requests numbered 1, 2, 3, 4, 5, 6, 7 and 9, and in the 8th as modified by the foregoing findings.

The facts are found as asked by the defendant in the requests numbered 1, 2, 6 and 8. If by the third request it is meant to ask the court to say that the evidence is such as shows an absolute title to the lumber in the plaintiff, we decline so to

find. Whether the writings between plaintiff and defendant vested the ownership of the lumber in the plaintiff is a question of law to be answered in its appropriate place. The fourth request we answer by saying that the parol evidence is not of such a clear and convincing character as satisfies us that the written contract between the defendant and Major was intended to be anything other than what the writing expressed; but we do find that the plaintiff was informed before he consented to and approved the sale, that he was to receive the $10 per 1000 feet from the proceeds of the sale.

## CONCLUSIONS OF LAW.

The decision in this case turns to a great extent, if not wholly, on the construction of the articles of agreement between the parties, bearing date August 30, 1880, and the two papers dated March 30, 1882, the one signed by the plaintiff and the other by Wm. M. Major, and the two last named to be read in connection with the written agreement between the defendant and Major dated August 8, 1881.

Bringing ejectment to enforce the specific performance of a contract for the sale of the land, the plaintiff is entitled to a conditional judgment unless he has received his pay, or unless he has by his own conduct estopped himself from enforcing payment in this proceeding.

[That the manufacture and sticking up of 1,000,000 feet of pine timber was not intended as payment we think is apparent.] The plaintiff agrees to convey upon receipt of the purchase money, not upon the manufacture of the lumber. The defendant agrees to pay $10,000 with interest, and although the writing says, in manner following, *viz.:* "To manufacture for the plaintiff and stick up at the mill 1,000,000 feet of pine lumber," etc. [yet from the whole agreement we conclude that what was intended was that 1,000,000 feet of lumber should be made by a given time, and should remain on the premises as security to the plaintiff for the purchase money], and with the right and the obligation on the plaintiff to sell the same at a price to be agreed to by defendant. When so sold, out of

the proceeds the plaintiff is to receive the purchase money with interest from the date of the articles, and the balance of the proceeds to be paid to the defendant. That money and not lumber was the consideration of plaintiff's agreement to convey seems plain from the words used. The liens are to be satisfied or paid out of the "purchase money;" the claim of the plaintiff on the lumber is to be "released" in proportion to the money paid; until the "purchase money" is paid no timber or lumber other than that released shall be removed from the premises. The plaintiff's claim of ownership of the lumber and his denial of the right of the defendant to sell or dispose of the same except as released is consistent with the position he now maintains, because, in truth, as between him and the defendant he had a qualified ownership in the lumber. And so of his suit against Major in Crawford county; it was simply the pursuit of a security he held as collateral to the debt for the purchase money. The defendant regarded the claim of the plaintiff on the lumber simply as a security for the payment of the purchase money. He contracted the sale to Major without consulting the plaintiff. He was the vendor, and in his letter to Gillespie, of date of September 25, 1882, he speaks of Mr. Major getting back from Philadelphia "with the money for me to pay Mr. Thompson."

The agreements between the plaintiff and Major, dated March 30, 1880, cannot be construed into a sale of the lumber by the plaintiff to Major. The arrangement with Major was at the request of the defendant, and, as it appears to us, chiefly for his benefit. The plaintiff released none of the stipulations in the articles of agreement between himself and the defendant, except that he waived his right to sell by ratifying the sale already made by the defendant; but we find nothing in the papers or in the contract of the plaintiff that can with any propriety be construed into a permission, either to Major or to the defendant, to remove any of the lumber from the premises except in the proportion that the purchase money for the land should be paid in accordance with the articles of agreement. But Major did, with the knowledge and assistance of the defendant, and without the knowledge or permission of the plaintiff, remove

the lumber, and thereby deprived the plaintiff of his security for the payment of the money due on the articles.

Without further statement of the reasons of the decision we conclude that the plaintiff is entitled to recover.

If no exceptions are filed to the findings of fact or conclusions of law as hereinbefore set forth, within thirty days after service of notice thereof upon the parties or their attorneys, [the protho- notary is directed to enter judgment in favor of the plaintiff and against the defendant for the land described in the writ, to be released upon the payment of the sum of $7,698.85, with interest from this 7th day of September, 1885, and with cost of suit, within three months from this date.] And upon produc- tion of the evidence of such payment the prothonotary is di- rected to deliver the deed deposited in court to the defendant.

The plaintiff made the following requests for findings of fact: 1, That the title to the land described in the writ of ejectment was, at and prior to the 30th day of August, 1880, in the plaintiff, Edwin Thompson; 2, that on the 30th day of August, 1880, the plaintiff, Edwin Thompson, and the defend- ant, W. M. Hunter, entered into the agreement in writing, given in evidence by the plaintiff; 3, that the defendant did not com- ply with the terms of said contract, and did not deliver, stuck up at the mill, the 1,000,000 feet of pine lumber by the 1st day of January, 1882; 4, that on the 8th day of August, 1881, William M. Hunter, the defendant, entered into a contract with one William M. Major; 5, that on the 30th day of March, 1882, at the request and solicitation of the defendant, the plaintiff received from William M. Major $3,000 to apply upon the pur- chase money of the land sold to Hunter, and entered into the agreement shown by the two papers dated March 30, 1882, now marked exhibits "C" and "D;" 6, that the plaintiff afterwards received from William M. Major $1,800 about —— —— 1884, and that he has never received any further payments upon the purchase money than as stated in these requests; 7, that after the 30th of March, 1882, William M. Major, with the knowledge, consent, and assistance of William M. Hunter, and without the knowledge of the plaintiff, Thompson, removed all

the lumber from the premises, and sold the same in Philadelphia; 8, that after such removal, Edwin Thompson, the plaintiff, tendered to the defendant a deed for the land and demanded the balance of purchase money due, and said defendant, Hunter, acknowledged that the same was due, and promised to pay it; 9, that there remains due and unpaid of the purchase money of the land described in the writ of ejectment $7,024.50, with interest from February 1, 1884.

Defendant made the following requests for findings of fact: 1, That defendant manufactured, stuck up, and delivered at or near the mill 1,000,000 feet of pine lumber by March 25, 1882; 2, that plaintiff waived the delay in the manufacturing and delivery of said lumber; 3, that said lumber belonged to and the title thereto was in plaintiff; 4, that by Hunter's contract with Major, Major was to pay plaintiff $10 on each 1,000 feet of lumber, and plaintiff was so informed before he consented to and approved the sale; 5, that plaintiff released said lumber to Major; 6, that plaintiff sued and recovered judgment against Major for the lumber to the extent of balance of purchase money due on the land; 7, that defendant on March 29 or 30, 1882, by his brother, J. W. Hunter, urged plaintiff to sell the lumber to Martin, which he refused to do; 8, that plaintiff sued Major and recovered judgment against him for the price or value of his (plaintiff's) interest in the 1,000,000 feet of pine lumber sold to said Major.

Plaintiff, *inter alia,* presented the following point:

5. Upon the whole case the plaintiff is entitled to recover the land described in the writ, to be released and judgment entered for the defendant upon payment of the purchase money due, within such reasonable time as the court shall fix, with costs.

Defendant, *inter alia,* presented the following points:

1. Under the articles of agreement between Edwin Thompson and William Hunter, of August 30, 1880, for the sale and purchase of the land in controversy, the manufacture out of the pine timber on said land, and delivery of 1,000,000 feet of pine lumber, stuck up at or near the mill on said land, was a compliance by Hunter with his part of the contract for the purchase of said land.

·3. By the contract of March 30, 1882, plaintiff approved the contract of sale between Hunter and Major, as modified by the plaintiff, and thereby made it his own as effectually as if he had previously authorized it.

7. The suit by plaintiff against Major was in affirmance of the sale of the lumber to Major, and the recovery of judgment therein is a bar to plaintiff's right to maintain this suit.

8. The recovery of judgment by the plaintiff against Major transferred the title to the lumber to Major, and said judgment became a substitute for the lumber, and, as between plaintiff and defendant, plaintiff's judgment was a legal payment and satisfaction of balance due on the land.

9. The suit and recovery of judgment by Thompson against Major for the price or value of Thompson's interest in the 1,000,000 feet of pine lumber sold Major is a bar to the recovery of plaintiff in this action.

13. Under the law and the whole evidence in the case the plaintiff cannot recover.

Judgment was entered for plaintiff, and defendant took this writ, specifying as error the portions of the opinion inclosed in brackets, the affirmance of plaintiff's fifth point and the refusal to affirm defendant's first, third, seventh, eighth, ninth, and thirteenth points.

*D. I. Ball, C. C. Thompson,* and *Geo. F. Davenport,* for plaintiff in error.—Recovery by Thompson against Major for the lumber effected a sale and transfer thereof, in law, as completely as if sold by contract. Fox v. Northern Liberties, 3 Watts & S. 106; Merrick's Estate, 5 Watts & S. 17; Marsh v. Pier, 4 Rawle, 285, 286, 26 Am. Dec. 131.

*C. H. Noyes* and *Tyler & Hallock* for defendant in error.

PER CURIAM:

Trial by jury was waived, and the cause was submitted to the court. Its finding of facts and conclusions of law are therefore all that are now before us.

We think the court gave correct construction to the several

written agreements. The plaintiff below was not to accept the lumber as payment for the land, but to hold it as security for the payment, in money, of the consideration to be paid for the land.

It was only on the receipt of the purchase money that the vendor agreed to convey. He was to hold the lumber as collateral security and to receive the money produced by a sale thereof. The sale of the lumber by the vendee of the land to Major was in fraud of the rights of the vendor of the land. Major purchased the lumber with knowledge of the rights of Thompson, and therefore stood on no higher ground than Hunter. We discover no error in the conclusion at which the court arrived.

Judgment affirmed.