Zierdt, Appellant, v. Kiel or Keal.

Argued March 4, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Baldrige and Graff, JJ.

*Adrian H. Jones,* for appellant.—A vendor who rescinds a contract for sale of real estate is required to repay to the vendee the amount paid on account of the purchase price: Howard v. Stillwagon, 232 Pa. 625; Sanders v. Brock, 230 Pa. 609.

No appearance and no printed brief for appellee.

Opinion by Baldrige, J., April 18, 1930:

The defendant, under an article of agreement, dated January 8, 1907, agreed to sell a ninety-acre tract of land, located in Butler Township, Luzerne County, in consideration of $1,060, to be paid in "cash or by the sale of timber and sand," on or before January 8, 1908, at which time a deed was to be executed and delivered. The agreement provided that the plaintiff should have the right to cut and dispose of timber and to sell sand, but all the sales were to be made in the name of the defendant and all bills were to be collected by him. Nothing was paid during the first year. In December, 1908, Zierdt, the plaintiff, entered upon the premises and cut and sold timber and sold sand therefrom for over a period of the next several years. The first credit was January 30, 1909, and the last, May 29, 1913, totalling $835.07.

On July 24, 1919, Keal, the defendant, sold the land to Calvin Young and thereafter the plaintiff instituted this action to recover the sum of $835.07—credits allowed him by the defendant for the sale of timber and sand. The court below held that the sand and timber were the property of the defendant; that if the plaintiff was entitled to recover anything it would be for expenses incurred in the cutting of the timber, loading the sand, and making sale thereof, and as plaintiff failed to declare for these expenses, he was not entitled to recover.

When Keal sold the land to Young, he thereby rescinded the agreement to convey to the plaintiff and the plaintiff elected to accept the rescission by instituting this action. Under these conditions, the defendant was bound to place the plaintiff in statu quo by returning any money he received as purchase money by virtue of the agreement. Where it is impossible to restore the status quo, as in this case, owing to timber being cut and the sand removed, the purchaser is entitled ex aequo et bono to be made whole: Sanders

v. Brock, 230 Pa. 609; Howard v. Stillwagon, 232 Pa. 625; Wright v. Bristol Patent Leather Co., 257 Pa. 552.

The weakness of the plaintiff's claim is that the only money the defendant received on account of the agreement was for his own sand and timber. He contends that he had the equitable title to the land by virtue of the agreement and that he "owns the sand and timber thereon;" that he is entitled to recover payments made therefor upon the rescission of the contract as though they were made in cash from his own resources. In support of his position, he cites Millville Mutual Fire Insurance Co. v. Wilgus, 88 Pa. 107; Reed v. Lukens, 44 Pa. 200; Siter Company's Appeal, 26 Pa. 178; Frick's Appeal, 101 Pa. 485. These cases are not pertinent as there was no rescission of a contract of sale and a suit for the amount paid thereunder, and the dispute in each case, except Frick's Appeal, was between the vendee and a third party, and not the vendor and vendee, as here.

The plaintiff did not acquire, as vendee, absolute title to the land under the articles of agreement. He apparently had a permissive right to take possession for the purposes limited in the agreement, but he did not thereby acquire full ownership. Payment of the consideration and delivery of the deed were required to accomplish the transfer of a complete title. Ordinarily, a vendee has no right of possession before he obtains a deed unless the contract specifies otherwise. If a vendor voluntarily gives possession, as here, the possession of the vendee remains the possession of the vendor while the contract is executory: Thompson on Real Estate, Vol. 5, Sec. 4292. In the event permission had not been given the plaintiff to cut timber and mine the sand, he would have been a trespasser and could have been enjoined from reducing the value of the estate. This principle has been recognized since the beginning of the last century: Crockford v. Alexander, 15 Vesey Junior's Reports 138; Weakland

608

v. Hoffman, 50 Pa. 513; Greenough v. Small, 137 Pa. 132; McGrew v. Foster, 113 Pa. 642; 27 R. C. L. Sec. 18, page 29; McCarroll v. Newsham, 278 Fed. Rep. 4; Hunter v. Thompson, 3 Sadler 1; Coomalt v. Stanley, 3 Clark 389.

It is unnecessary to prolong this discussion, however, as the plaintiff sued, not as a possessor of the title, but under a rescinded contract, to recover money received by the defendant. The learned court below well said in his opinion, ''To give plaintiff the value of the timber and sand would not place the vendor in statu quo; it would be giving plaintiff an advantage, but, if the vendor reimburses the vendee for all expenses incident to the possession of the premises under the agreement, such as the cost of labor for cutting of the timber and loading of the sand and hauling to market, plaintiff would get all that he is entitled to in justice and good dealing, and such a construction would place the parties on equal footing.''

Judgment of the lower court is affirmed.