## Land Improvement Mortgage Service Co. v. Norristown Federal Savings & Loan Association

*C. Edmund Wells*, for plaintiff.

*Francis T. Dennis*, for defendant.

FORREST, J., October 19, 1955.—In this action by an owner-contractor against its construction loan mortgagee to recover loss of profits allegedly sustained as a result of the admitted failure of the mortgagee to complete payments under the loan agreement, where there was conflicting evidence as to whether taking into consideration the stage of the work and the alleged defects therein, the refusal to make further payments was warranted or not, after disagreement of the jury, defendant has moved for judgment on the record. The authorization cited for this motion is the Act of April 20, 1911, P. L. 70, sec. 1, 12 PS §684. This provides, inter alia:

"Whenever upon the trial of any issue a point requesting binding instructions has been reserved or declined, and the jury have disagreed, the party present-

ing the point may . . . move the court . . . for judgment in his favor upon the whole record; whereupon it shall be the duty of the court, unless it shall be of the opinion that the case should be retried . . . to enter such judgment, if any, as under the law should have been entered upon that evidence at the time of trial. . . ."

Defendant's motion must be overruled for the reason that no point for binding instructions was presented. The right to move for judgment on the whole record after disagreement of the jury is foreign to the common law, and the statute which specified the filing of a request for binding instructions as a prerequisite to the motion must be complied with. In Lipsky v. Stolzer, 236 Pa. 151, 153 (1912), the leading case construing the Act of 1911, supra, the Supreme Court stated: "It should appear that binding instructions had been reserved or declined. . . . Unless these facts are found to exist, the statute does not empower the trial court to enter a judgment. . . ."

The court has never deviated from its position but has reaffirmed the same by implication in numerous cases. See Wright v. Bristol Patent Leather Co., 257 Pa. 552, 554 (1917), and other cases cited in Goodrich-Amram, Standard Pennsylvania Practice, vol. 6, page 415, and in 31 A. L. R. 2d 902, including Grande v. Wooleyhan Transport Co., 353 Pa. 535 (1946). Defendant, nevertheless, cites the Grande case, supra, in support of its proposition. There it was said, page 536: "The entry of judgment for defendant was not proper unless the testimony disclosed a case in which binding instructions for the defendant would have been proper at the trial." However, the court in that case neither expressly nor by implication stated that the point for binding instructions was not an indispensable prerequisite to the invocation of the act. We do not think it was the intention of the Supreme Court

in the Grande case, supra, to overrule the long line of cases preceding it.

And now, October 19, 1955, defendant's motion for judgment upon the whole record is overruled. An exception is granted to defendant.