## Beatty *versus* Byers.

To constitute an election to take *land* instead of the proceeds of its sale, it should be made by an unequivocal act, and the election must have been made by *all* of the persons interested. The mere lapse of nearly twenty-four years from the time when the land in question was liable to sale under the will, for the use of the legatees, *five* in number, did not raise a presumption of election by the legatees; nor did such presumption arise from the fact that possession of the land had been taken by the defendant under a transfer or conveyance from *one* of the legatees, no evidence having been given of an agreement or acquiescence in the claim of the defendant by the other legatees.

ERROR to the Common Pleas of *Armstrong county.*

This was an action of ejectment brought by David Beatty against Peter Byers, James Hays, and Robert Hays, to recover 85 acres of land, situate on the west side of the Allegheny river, in said county. The plaintiff claimed the land by virtue of an actual settlement made by Samuel Anderson, and by divers mesne conveyances, vesting the title to the land in William Kiers. Kiers died in 1824, after having made his will, dated 3d August, 1824, duly registered in Armstrong county on the 26th August, 1824, by which he devised to his wife Elizabeth $100, and her choice of one horse and one cow, and her bed, and such household furniture as is necessary for her comfortable accommodation, she to have the place and her living off the same until it is sold; to Nancy Mounts and Sebra Mounts, each a cow and bed apiece; to his son William Bell $50; to his son Andrew Kiers $80; to his son James Milligan $50; to his son Jacob Garver $50, and to his son Elisha

[Beatty *v.* Byers.]

Mounts $80. And when the place is sold, should it amount to more than what is above mentioned, they are to make an equal distribution. He appointed James Beatty and John Young his executors.

On the part of the plaintiff was offered in evidence a deed, dated 26th January, 1847, from Elisha Mounts to David Beatty, the plaintiff, in fee, *for all his interest in said land,* and "all the rents, issues, and profits thereof, and all the proceeds and money arising or derived or to be derived thereof, under and by virtue of the last will and testament of said William Kiers," and it was also offered to prove that defendant claimed under a purchase of the interest of one of the legatees; also that defendant took possession in pursuance of said purchase. This was objected to on part of defendants, and the objection was sustained by the Court. Exception on part of plaintiff.

Plaintiff's counsel further offered to prove, that defendants admitted that plaintiff's title was better than theirs; also that defendant entered upon the land, and claimed it as his own by title derived from one of the devisees; and that Peter Byers wished to buy out the plaintiff. Objected to on part of the defendants. The objection was sustained by the Court, and exception on part of the plaintiff. The date of the conveyance to the defendant, was 26th January, 1847.

KNOX, J., charged that in this case, the deed under which the plaintiff claims, having been excluded upon the ground that if received it would not vest a title in the plaintiff, upon which there could be a recovery in ejectment; the jury, therefore, are instructed to return a verdict for the defendants.

It was assigned for error: 1. The Court erred in rejecting the deed from Elisha Mounts to David Beatty, on the ground that if received it would not vest a title in the plaintiff, upon which he could recover in ejectment; also the offers of the plaintiff, to prove that defendant claims under a purchase of the interest of one of the legatees under the will of Wm. Kiers, and that defendant took possession of the land in dispute, in pursuance of said purchase.

2. In not permitting the plaintiff to prove that defendant admitted that plaintiff's title was better than his, that plaintiff went upon the land and claimed it by title derived from one of the devisees of Wm. Kiers, deceased, and that Byers wished to buy him out.

*Phelps,* for plaintiff in error.—The legacies were a charge upon the land. The legatees may elect to take the land instead of the proceeds of sale of it, and may recover in ejectment: 3 *Whar.* 62; 4 *W. & Ser.* 196. The widow is dead, the legacies unpaid, and after the lapse of nearly twenty-four years and the acquiescence of the other devisees, the legal presumption arises that the

[Beatty *v.* Byers.]

devisees had all made their election to take land. The defendant purchased the interest of one of the devisees, and took possession of the land. The plaintiff also purchased the interest of Elisha Mounts, another of the devisees, and entered upon the land and claimed it under his purchase. The defendant recognised the plaintiff's title, admitted it to be better than his own, and wanted to buy the plaintiff out. The acts and declarations of the defendant, would be evidence at least of a conversion; and he is estopped by them from now saying that the devisees have not made their election to take land. The election may be proved as any other matter in *pais:* 4 *W. & Ser.* 197.

*Lee,* contrà.—The deed offered in evidence was from *one* of the devisees. To constitute an election to take *land,* instead of to have it sold, the election must be by *all* interested in the matter. The Court was right in refusing permission to prove that the *defendant* had purchased from one of the legatees, and took possession of the land under it. The entry of the *defendant* without title would not strengthen the plaintiff's vicious title, to say the least of it; and if the deed was offered to prove an election of the legatee who conveyed to the *defendant,* there was still the consent of three legatees wanting to make the election perfect.

As to second assignment, the plaintiff showed no title; and if even the defendant was in the same situation his possession was sufficient to protect him until a title was shown in some other person. The defendant's admission that the plaintiff's title was better than his, would not make it so in point of law; and it was made, if made at all, under a mistaken notion of the effect of the conveyances from Kiers' legatees; under a mistaken notion of his legal right, and not binding.

The opinion of the Court was delivered, Oct. 13, by

BELL, J.—That the implied direction to sell the land, charged by implication, for the payment of the unequal legacies bequeathed to the testator's children, worked an equitable conversion into money, is conceded by the litigants. An immediate and inevitable effect of this direction was to break the descent by vesting the estate in the trustees, clothed with the power to sell, and to confer on the legatees, not an interest in the land, but simply a right to the proceeds of sale, in the proportions designated by the will. They take, by force of the bequest, a mere *chose in action;* a claim strictly of a personal character. This principle has been rendered so familiar by repeated decisions in our own courts, that it is unnecessary to cite particular adjudications to prove it. Recognising this rule, the plaintiff in error seeks to take advantage of the equally familiar doctrine, that actual conversion may be prevented at the option of those who are entitled to the fund pro-

[Beatty *v.* Byers.]

posed to be raised by the sale. Equity permits them to take the land in lieu of the proceeds; and when the election is unequivocally manifested, an estate commensurate with the interest they would have had in the fund, if raised, vests in the beneficiaries. This manifestation may be by acts in *pais*, but these must be of such a character as to leave no reasonable doubt of the intent; and where several are interested, all must unite in the act. An attempted election by any less than the whole number is naught; and he who avers unity of purpose and action, must prove it: Miller *v.* Meetch, 8 *Barr* 425. In the case before us, there is an utter absence of such proof. As a cure of this defect, the plaintiff claims that a legal presumption of an election flows from the lapse of time which has here run, without a sale, with the acquiescence of the legatees. But the suggestion of a purely legal presumption is utterly inadmissible. The law draws no such inference from the facts relied on, nor do they afford grounds for natural presumption, even when assisted by the conveyances under which the plaintiff and defendants claim. Treating these instruments as intended to transfer estates in the land devised, they amount to nothing more than an expression of election by two of the legatees, unassisted by any evidence of joinder by the others; for mere silence, where a party is not called on to speak, cannot be tortured into acquiescence in any case, and much less so when, as here, the rule calls for an unequivocal expression. In Smith *v.* Starr, 3 *Wh.* 62, two of the legatees had conveyed their interest under the will to the third, as land, and this was justly held as an unmistakeable act of election by all the parties. And in Stuck *v.* Mackey, 4 *W. & Ser.* 196, a legatee of one-half the expected proceeds of the land devised to be sold, having taken possession of a moiety in severalty, under circumstances showing an assent by the other legatees, the Court based the validity of his title altogether upon the consent of the executors and co-legatees to the entry and appropriation, an assent which must have bound all of them to acceptance of the land. But here, I repeat, we are totally without such evidence of election by those interested (not parties to this suit), as would conclude them in a proceeding to enforce execution of the trust. Nay, the very instrument under which the plaintiff claims cannot be said to evince an intent to transfer anything beyond what Elisha Mounts could strictly claim under the will. As it is given to us by the paper-books, he transferred all his interest in said land, and "all the rents, issues, and profits thereof, and all the proceeds and money arising or derived, or to be derived thereof, under and by virtue of the last will and testament of said William Kiers." These terms profess to transfer but the pecuniary interest of the legatee, and are entirely inefficacious to show a previous election; though, doubtless, the assignee might, conjointly with the other *cestui que trusts*, afterwards exercise this right.

[Beatty v. Byers.]

There is, in truth, nothing in the case to sustain the averment of acceptance of the land but the fact offered to be proved by the plaintiff, that Byers, the defendant, claiming under one of the legatees, entered upon the land, averring a right to hold it as his own, and, admitting the plaintiff's supposed title to be the better of the two, offered to purchase it. But we have seen that the act of one only is of no avail as creative of title; and it is certain that a misapprehension of the right of another is equally valueless. Indeed, it is difficult to conceive how a purchaser from one of the legatees could imagine a subsequent vendee of another of them stood in a position more eligible than himself. No attempt was made to explain this. But, admitting there was plausible ground for the idea, it cannot be for a moment contended that such a mistake could confer a right otherwise unexistent. So obvious a proposition needs not the aid of formal adjudication; but, if called for, it may be found in Payne v. Craft, 7 W. & Ser. 462.

As, therefore, the evidence excluded would have been of no avail if heard, the Court was right in rejecting it.

Judgment affirmed.