# Dorr, Appellant, *v.* Reynolds.

*Mines and mining—Coal lease—Sale of coal—Evidence.*

An instrument which is in its terms a demise of all coal in, under and upon a tract of land with the unqualified right to mine and remove the same, is a sale of the coal in place; and this, too whether the purchase price is a lump sum, or is a certain rent or royalty, and notwithstanding a term is specified in which the coal is to be taken out. The fact that the instrument is called a lease, and the parties describe themselves as lessor and lessee, and that payment for the coal is called rent, does not change the legal effect of the deed ; and it is immaterial that there is in the deed a provision for the right of surrender by the grantee in the event that coal could not be mined at an average cost not exceeding the average cost of mining in the mines of any one of the companies named in the contract, or the liberty of forfeiture for nonperformance of the terms of the contract, and it is also immaterial that the deed contained a covenant for the support of the roof.

The effect of such a contract is to work a severance of the estate as a result of which the purchase money payable under the terms of the contract becomes personal property, and, as such, subject to the operation of the intestate laws, and the will of the owner.

Evidence of witnesses as to the construction of such an instrument is inadmissible.

Argued Jan. 18, 1904. Appeal, No. 71, Jan. T., 1904, by plaintiff, from decree of C. P. Luzerne Co., March T., 1901, No. 1, on interpleader bill, in case of Louise E. Dorr et al. v. H. C. Reynolds et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Interpleader bill to determine the ownership of royalties under a coal lease.

From the record it appeared that Erastus Smith died on July 27, 1877, leaving to survive him a widow, Arminda Smith,

who subsequently married C. M. Neeld.   He also left children.
Mrs. Neeld died in 1902, leaving a will appointing the defend-
ants executors.   At the time of his death, Erastus Smith was
the lessor in a coal lease made on January 1, 1868.   By agree-
ment of the parties the First National Bank of Wilkes-Barre
collected the royalties.   Under the will of Erastus Smith the
widow was entitled to such part of his "estate" as she would
have been entitled to under the intestate laws of Pennsylvania.
After the death of the widow, her executors demanded one
third of the royalties from the First National Bank.   The
same funds were also claimed by the heirs and devisees of
Erastus Smith.   The court held that the royalties were per-
sonalty, and as such one third of them went to the widow ab-
solutely.   The terms of the lease are summarized in the opin-
ion of the Superior Court.

*Error assigned* was the decree of the court.

*J. T. McCollom* and *D. L. Rhone*, with them *Woodward,
Darling & Woodward, Frank C. Mosier, Michael Cannon* and *Ed-
win Shortz, Jr.*, for appellant, cited: Genet v. D. & H. Canal Co.,
136 N. Y. 593 (32 N. E. Repr. 1078) ; Coleman v. Chadwick,
80 Pa. 81 ; Carlin v. Chappel, 101 Pa. 348 ; McClintock's App.,
71  Pa. 365 ; Drenkle's Est., 3 Pa. 377 ; Auer v. Penn., 99
Pa. 370 ; Denniston  v. Haddock, 200  Pa. 426 ; Foster & Co.
v. Runk, 109 Pa. 291.

*H. C. Reynolds* and *A. Ricketts*, for appellee, cited : Hosack
v. Crill, 18 Pa. Superior Ct. 90 ; Sanderson v. Scranton, 105 Pa.
469 ; Denniston v. Haddock, 200 Pa. 426 ; R. R. Co. v. San-
derson, 109 Pa. 583 ; Scranton v. Phillips, 94 Pa. 15 ; Myers
v. Kingston Coal Co., 126 Pa. 582 ; Lazarus's Estate, 145 Pa.
1 ; Fairchild v. Fairchild, 7 Cent. Repr. 873 ; Caldwell v.
Fulton, 31 Pa. 475 ; Kingsley v. Hillside Coal & Iron Co.,
144 Pa. 613 ; Lillibridge v. Lack. Coal Co., 143 Pa. 293.

OPINION BY HENDERSON, J., July 28, 1904 :

The contract out of which this case arose is not distinguish-
able in its legal effect from those construed in Sanderson v.
Scranton, 105 Pa. 469 ; R. R. Co. v. Sanderson, 109 Pa. 583 ;

Lazarus's Estate, 145 Pa. 1; Lehigh, etc., Coal Co. v. Wright, 177 Pa. 387, and Fairchild v. Fairchild, 7 Cent. Repr. 873. It was said in Hosack v. Crill, 18 Pa. Superior Ct. 90, that: "It is now well settled that an instrument which is in its terms a demise of all coal in, under and upon a tract of land, with the unqualified right to mine and remove the same, is a sale of the coal in place. And this, too, whether the purchase price is a lump sum or is a certain rent or royalty, and notwithstanding a term is specified in which the coal is to be taken out." Numerous authorities are cited in support of that declaration of law. The fact that the instrument is called a lease and the parties describe themselves as lessor and lessee and that payment for the coal is called rent does not change the legal effect of the deed.

The provisions of the contracts vary in detail in the different cases but the authorities are all to the effect that an instrument similar to that now under consideration effects a sale of the coal in place, thus working a severance of the estate, as a result of which the purchase money payable under the terms of the contract becomes personal property and, as such, subject to the operation of the intestate laws and the will of the owner.

It cannot be doubted that the intention of the contracting parties in this case was that there should be a sale of all the coal. It is so expressed in the deed and the provisions of the contract as to mining do not admit any other conclusions. The time within which the coal must be removed is not limited and the grantee is authorized to mine all the coal that is merchantable. He was bound, moreover, to pay for the quantity of coal stipulated to be mined whether it was mined or not.

The provision for the right of surrender by the grantee in the event that coal could not be mined at an average cost not exceeding the average cost of mining in the mines of any one of the companies named in the contract or the liberty of forfeiture for nonperformance according to the terms of the contract does not change the character of the interest acquired by the grant. The estate is held subject to these conditions. As was said in Lazarus's Estate, supra: " The grantee has the absolute and exclusive right under the conveyance to mine all the available coal in the tract described and it rests with him alone whether or not there shall be a reversion." The right

of voluntary forfeiture does not change the nature of the interest acquired.

In view of the adjudications as to the legal effect of instruments in terms similar to that involved in this case, evidence of witnesses as to their construction of such documents was inadmissible. The point was expressly decided in Railroad Company v. Sanderson, supra.

The provision for support of the roof in the grant under consideration in Fairchild v. Fairchild and in Lazarus's Estate, supra, was so nearly identical with that in this case that no refinement of definition or distinction can indicate a legal difference. Such a provision in the contract is not inconsistent with the theory of a sale of coal as is shown by many of the cases.

The widow of Erastus Smith was entitled to such share of her husband's estate under his will as she would have received under the intestate laws if her husband had died intestate.

The conclusion of the learned judge of the court below was therefore correct and the decree is affirmed.