# Helsel's Estate.

*Real estate—Conversion—Option.*

1. Where the owner of land granted an option to purchase which was exercised by the optionee in the owner's lifetime but the owner died before the conveyance of the property or the payment of the purchase-money, there was nevertheless a conversion of the estate and the decedent's administratrix was properly surcharged with the amount of the purchase-money, although the deeds were executed by the widow and heirs of the decedent and the consideration was paid to them.

*Practice, Supreme Court—Appeals—Objections to evidence.*

2. An appellant will not be heard to complain of the inadmissibility of evidence where no exception was taken to the admisssion of such evidence in the lower court.

Argued Sept. 25, 1916. Appeals, Nos. 63, 64, 65 and 66, Oct. T., 1916, by L. E. Helsel, John W. Helsel, S. H. Helsel and G. W. Helsel, from decree of O. C. Cambria Co., dismissing exceptions to report of Auditor, in Estate of Jonathan Helsel, Deceased. Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker, Frazer and Walling, JJ. Affirmed.

Exceptions to report of auditor. Before Stephens, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. The children of Jonathan Helsel appealed.

*Errors assigned* were in dismissing the exceptions.

*Philip N. Shettig,* with him *R. Edgar Leahey* and *M. D. Kittell,* for appellants.

*Charles C. Greer,* for appellee.

PER CURIAM, January 8, 1917:

On exceptions to the account of Christina Helsel, administratrix of the estate of Jonathan Helsel, deceased, she was surcharged $21,000, the amount of the purchase-money for coal lands which the auditor found the decedent had sold under an optional agreement executed by him and accepted by the assignee of the optionee in the lifetime of the optionor. The complaint of these four appellants, children of the decedent, is of the finding of the auditor, confirmed by the court, that there had been a conversion of the lands into personalty, to be accounted for by the administratrix. It appeared from record evidence that Jonathan Helsel had executed an option for the sale of the lands, which was in force and effect when a notice of the acceptance of it was served on him, on December 10, 1909, by the then optionee. After Helsel's death the purchaser accepted deeds from his widow and heirs for the lands in question, and paid for them the consideration fixed by him. The record evidence upon which the auditor properly found that there had been a conversion upon the acceptance of the option on December 10, 1909, was not excepted to, and appellants will not now be heard in complaint of its inadmissibility.

Appeals dismissed and decree affirmed at the costs of appellants.