## Robinson et al. *v.* Pierce et al., Appellants.

*Mines and mining—Sale of coal in place—Estate in fee—Rentals as personal property—Death of grantor—Reconveyance to executor in trust for estate of grantor—Reconversion—Real estate—Personal property.*

1. Where an owner of a farm "leases, demises and grants" to others, "their heirs and assigns," "the right to mine and remove all the merchantable coal thereunder" which could be obtained "in the usual and customary manner" with a stated rental or more per year "until all the coal hereby leased," at a rate stated per acre, is paid for, with clause of forfeiture, the instrument is a sale of the coal in place, and vests in the grantees a fee simple estate.

2. The facts that there was no limitation of time, that the right to take was limited to merchantable coal, that the words "lease" and "rentals" were used, and that a forfeiture clause was inserted, do not make the conveyance other than a grant in fee.

3. If the grantor in such case dies without having declared a forfeiture, and leaving a will making no mention of real estate, and the grantees, to relieve themselves of further payments, transfer the rights in the coal to the executor in trust for the grantee's estate, such transfer does not work a reconversion into real estate, so as to vest it in the grantor's heirs at law.

4. The royalties or rents are the purchase money, and, for the purpose of distribution, must be considered as personalty; and on the reconveyance the unmined coal is a substitute for them as personalty.

5. Where a conversion of real estate is effected by a contract for a sale, the rescission of the contract, after the death of the vendor, will not work a reconversion of the estate from personalty to realty.

*Ejectment—Plaintiff's title—Validity of.*

6. In an action of ejectment, plaintiff must rest on the validity of his own title.

Argued September 26, 1923.   Appeal, No. 33, Oct. T., 1923, by defendants, from judgment of C. P. Westmore-

land Co., Nov. T., 1920, No. 375, on verdict for plaintiffs, in case of R. S. Robinson et al, heirs at law of R. S. Robinson, alias dictus Robert S. Robinson, deceased, in their own right and in behalf of all the other heirs at law of said R. S. Robinson, v. J. Audley Pierce et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART, SADLER and SCHAFFER, JJ. Reversed.

Ejectment for land in North Huntingdon Township. Before COPELAND, P. J.

Judgment on directed verdict for plaintiffs. Defendants appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v., quoting record.

*John E. Kunkle,* for appellants.—The legal title was vested in J. L. McKeever who held it subject to the trust, as to which, however, it was personalty only and he was free to dispose of it as he pleased, accounting at the proper time for its proceeds or value: Reed v. Mellor, 122 Pa. 635, 650-1; Park's Est., 173 Pa. 190; Reid v. Clendenning, 193 Pa. 406; Oeslager v. Fisher, 2 Pa. 467; Fell's Est., 9 W. N. C. 382; Johnson v. Bliss, 11 W. N. C. 293; Ostrom v. Datz, 274 Pa. 375; Alden v. Grove, 18 Pa. 377; McCulloch v. Cowher, 5 W. & S. 427.

*H. H. Fisher,* with him *Jay R. Spiegel,* for appellees. —The law does not favor conversions: Brennan's Est., 277 Pa. 509.

The facts in this case warrant the application of the equitable doctrine of reconversion: Smith v. Starr, 3 Wharton 62; Shallenberger v. Ashworth, 25 Pa. 152; Willing v. Peters, 7 Pa. 287; Evans's App., 63 Pa. 183.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

On December 30, 1886, Robinson, the owner of a farm in Westmoreland County, "leased, demised and granted"

to Dewees & Shields, trading as the Osceola Coal Company, their heirs and assigns, "the right to mine and remove all the black merchantable coal lying thereunder," which could be obtained "in the usual and customary manner," and, in 1889, this privilege was assigned to the Westmoreland Coal Company. The removal of all the mineral of the character described was allowed without limit as to time, the grantee to "pay $900, or more, each year until all the coal hereby leased at the rate of $300 per acre is paid for," with a provision for forfeiture in case of default.

The grantor died on February 19, 1901, and letters testamentary on his estate were issued to McKeever, named as executor. Certain bequests were made by the will, the seventh clause disposing of all the rest and residue of the personal property, but no specific reference to realty, coal, or the coal lease appears. In 1910, the Westmoreland Coal Company desired to abandon its operations, and made settlement of its liability for a fixed sum, reconveying all rights possessed by it under the agreement to the executor, "in trust for the estate of Robert S. Robinson, deceased, or any person having any interest therein." McKeever then granted to Pierce and Bolton, defendants here, the privilege of operating twenty-five acres of the original tract, stipulating for the payment of royalty for coal removed, and a like grant was made to the same parties by the then owners of the surface, who had acquired title thereto in 1892.

The heirs at law of Robinson asserted the ownership of the land from the time of its reconveyance, insisting that the fee passed to them under the intestate laws, and instituted an action of ejectment (now in review) against those in possession under the agreement with the executor, claiming its execution to have been without authority, and hence inoperative and void. The right of defendants to hold, under these circumstances, was the principal question raised on the trial. Two collateral matters were considered, both determined in favor of

plaintiffs. It was insisted that the remaining coal was not "merchantable and workable in the usual and customary manner," but belonged to the grantees of the surface, who had conveyed their rights to Pierce and Bolton, and, therefore, the possession held by them was not through Robinson or his executor. The jury found the questions of fact in favor of the plaintiffs, and the only contention remaining concerns the right acquired by the transfer from McKeever. If, as decided below, the transfer to the estate by the Westmoreland Coal Company worked a reconversion into land of the interest of which Robinson was at one time possessed, then the heirs at law may maintain ejectment; otherwise, as urged by the appellants here, the present action cannot be sustained.

In passing upon the conclusion reached, the effect of the agreement made by Robinson in his lifetime must first be considered. Was it a sale of coal in place, or merely a lease providing for the payment of rentals? The former position seems to be conceded as correct by all the parties, and the trial judge, as stated in the oral charge. This construction of the language used was recognized by this court as proper in a prior proceeding, involving the same conveyance: McKeever v. Westmoreland Coal Company, 219 Pa. 234. It will be noted that the grant was of all the coal remaining on the land, without fixing the maximum time of taking, though it was provided that a certain amount should be removed, or paid for, each year. Even had a limitation of the term appeared, it would not have been effective to change the character of the transaction, though to be considered in determining the intent of the parties: Hope's Appeals, 29 W. N. C. 365; Montooth v. Gamble, 123 Pa. 240; Kingsley v. Hillside Coal & Iron Co., 144 Pa. 613. The construction applied is not altered by the use of the word "lease" in the agreement (Dorr v. Reynolds, 26 Pa. Superior Ct. 139; Millard v. Delaware, Lackawanna & Western R. R. Co., 240 Pa. 234; Turner v. Coal Co.,

34 Pa. Superior Ct. 101), or the limitation of the right to take only "merchantable coal" (Lillibridge v. Lackawanna Coal Co., 143 Pa. 293; Millard v. Delaware, Lackawanna & Western R. R. Co., supra), or the designation of the sums to be paid as rentals (Lazarus's Est., 145 Pa. 1); nor does the insertion of a forfeiture clause affect the conclusion reached: Sanderson v. Scranton, 105 Pa. 469; Delaware, Lackawanna & Western R. R. Co. v. Sanderson, 109 Pa. 583.

If the transfer by Robinson constituted a sale in place, and we so hold, the payments of royalties or rents are to be treated as purchase money, and for the purpose of distribution considered as personalty: Hosack v. Crill, 18 Pa. Superior Ct. 90, affirmed, 204 Pa. 97; Dorr v. Reynolds, 26 Pa. Superior Ct. 139; Hope's Appeals, 29 W. N. C. 365; Fairchild v. Fairchild, 9 Atl. 255; Murray's Est., 216 Pa. 270. The same rule is invoked as in the case of conveyances of, or agreements to convey, real property, executed during the lifetime of the decedent, the payments stipulated being payable thereafter to the executor or administrator: 13 C. J. 855; 11 R. C. L. 108; Helsel's Est., 255 Pa. 612; Bender v. Luckenbach, 162 Pa. 18; Drenkle's Est., 3 Pa. 377.

It is insisted, however, the transfer of the rights of the Westmoreland Coal Company to the executor in trust for the estate, or those interested, worked a reconversion into land, and, therefore, the executor had no standing to contract with the present appellants, the interest of decedent having passed directly to the heirs at law. Had there been a forfeiture of the grant during the lifetime of Robinson, and an acceptance of surrender of the privilege conveyed, it is clear that the future holding of the land by him would have been as realty, but this did not take place. He died after the conversion was worked, and before the alleged reconversion, and the purchase money payable passed to his representative. The will made no reference to the ownership of other than personal property,—all of which was disposed of,—and the

rents or royalties received by the executor were distributed as such.

It is undoubtedly true that there may be a reconversion by those interested in property where a change has been constructively effected, and the carrying out of the purpose intended, and so resulting, because unnecessary, as long as the vested rights of the parties are not prejudiced.    There must, however, be an intention expressed on the part of the beneficiaries to take the constructively converted property in its original state (Lincoln v. Wakefield, 237 Pa. 97), which must be clearly and unequivocally manifested by some act or declaration: 13 C. J. 886; Rauch's Est., 21 Pa. Superior Ct. 60; Jackson v. Gunton, 26 Pa. Superior Ct. 203; Evans's App., 63 Pa. 183.    And an election is not inferred merely from the lapse of time since testator's death, without an actual conversion: Beatty v. Byers, 18 Pa. 105; McClarren's Est., 238 Pa. 220.    In the present case, no affirmative act appears showing a purpose of the heirs at law to reconvert prior to execution of the new agreement by the executor.    It is questionable whether this could have been successfully attempted, in view of the rights acquired by the residuary legatees through the seventh clause of the will: Rose v. Jessup, 19 Pa. 280. The applicable rule has been stated thus: "Where a conversion of real estate is effected by a contract for its sale, the rescission of the contract after the death of the vendor will not work a reconversion of the estate from personalty to realty, so as to change the rights of the parties": 13 C. J. 888.

The forfeiture of the grant by the executor became necessary, after the death of Robinson.    "It was the duty of the trustees to proceed on the agreement, and collect the money for those entitled to claim it.    If such pursuit should result in recovering back the land [as it did in this case], they were bound to account for that as a substitute for money, and subject to the same trusts" (Rose v. Jessup, supra), and the rescission of the con-

tract of sale, making necessary the repossession by the personal representative, did not work a reconversion: Leiper's App., 35 Pa. 420. It is interesting to note that practically the same state of facts as involved here was considered many years ago by the Orphans' Court of Luzerne County (Maffet's Est., 8 Kulp 184), where it was held that the agreement for the sale of land (coal in place) worked an equitable conversion of it into personal estate for the purpose of succession, and a subsequent recovery, under a clause of forfeiture, after the death of the grantor, did not effect a reconversion of it so as to change the rights of the parties. The situation is analogous to that of the personal representative who takes over real property in satisfaction of debts due the decedent, or forecloses obligations held by him, and thus acquires title. In such case, the property received, or its proceeds, on subsequent sale, is to be treated; for the purposes of distribution, as personalty: Park's Est., 173 Pa. 190; Reed v. Mellor, 122 Pa. 635; Oeslager v. Fisher, 2 Pa. 467; 11 R. C. L. 120.

The heirs at law of Robinson acquired no rights, under the intestate laws, in the disputed tract. There was a sale of the coal in place, and the second grant constituted merely a substitute for the first, which was forfeited. The royalties or rents received thereunder are purchase money, to be treated as personalty, and pass under the residuary clause of the will. This is an action of ejectment, and the plaintiffs must rest on the validity of their own title. They have failed to establish their right to possession, and, therefore, judgment should be entered on the record for the defendants. It is unnecessary to refer specifically to the assignments of error, all of the questions raised having been covered in the foregoing discussion.

The judgment is reversed and is here entered for defendants.