## Jakemeit v. Robinson et al.

*Ulysses S. Koons*, for plaintiff; *Scott & Burton*, for defendants.

PARRY, J., April 4, 1933.—This is an action in ejectment brought by Florence Jakemeit, who claims title under the will of Charles Redefer, deceased, against Frankford Trust Company, executor and trustee under the will of the decedent's wife, and the heirs of Charles Redefer, who claim an intestacy as to the real estate. The facts are not in dispute, and we are asked to enter judgment for the plaintiff on all the pleadings. This involves the construction of the holographic will of Charles Redefer.

The record in the orphans' court discloses that the greater part of his estate came from his wife. Under her will one-half the balance of residue was awarded to the decedent absolutely, and among the assets was a first mortgage of $3000 on No. 4921 Hawthorne Street. These premises are the subject of the present proceedings.

This mortgage was foreclosed by Frankford Trust Company, executor of Isabel Redefer, for arrearages of interest, and the sheriff's deed was subsequently made to it as executor and trustee. As Charles Redefer elected to take over the property as part of his distributive share of his wife's estate, there was awarded to him by the orphans' court a deed to No. 4921 Hawthorne Street in place of the mortgage for $3000. No deed, however, was executed or delivered, and at the audit of his estate the auditing judge decided that there was no residuary estate and refused to construe the will or pass upon the title to the real estate.

The initial inquiry appears to us to concern the correct legal status of this asset. While counsel for all parties seem to have regarded it as real estate, nevertheless the real facts and the law determine the question: Pollock's

Estate, 306 Pa. 301. Now the real estate came into the estate of the wife because of the foreclosure of the mortgage secured thereon, and we think the real estate itself must be regarded as personal estate until the husband actually accepted it as real estate and received a deed therefor. It is true that the husband requested his wife's executor to foreclose the mortgage and agreed, in the event of a sheriff's sale, to take over the property as part of his distributive share, but the mortgage was an asset of the wife's estate and if the interest was not paid it became the duty of the fiduciary to foreclose in any event. No deed was executed and delivered by the wife's executor to the husband or to his estate, and the title to this real estate still remains in the wife's fiduciary. While the schedule of distribution in the wife's estate, approved after the husband's death, does include a deed to the premises in place of the mortgage, the fact remains that the decedent himself never accepted or had delivered to him such real estate qua real estate and never exercised any dominion or control over it as real estate.

The law frequently regards real estate as personal property, particularly in circumstances such as these. For instance, when an administrator forecloses a mortgage and buys in the real estate at sheriff's sale it is uniformly regarded as personal estate. When a vendor signs a contract of sale for real estate, thereafter the real estate, so far as the vendor or his estate is concerned, is regarded as personal property: Oeslager v. Fisher, 2 Pa. 467; Fell's Estate, 9 W. N. C. 382; Johnson v. Bliss, 11 W. N. C. 293; Bilyeu v. Gerstley, 18 Phila. 334; Robinson et al. v. Pierce et al., 278 Pa. 372.

In our opinion, the asset here should legally be regarded as a mortgage when the decedent died, and since he specifically bequeathed all he had in stocks, bonds and mortgages to Florence Jakemeit, the plaintiff, this real estate should pass to her.

There are many cases where a designated article passes even under a misnomer. This manifestly illiterate man knew that his wife had a mortgage and that it had been foreclosed. It is highly improbable that at any particular time this decedent ever knew the status of the asset. The intent of the testator must be sought from the will as a whole and in construing it, while we are limited to the instrument itself, we may consider it as interpreted in the light of all the circumstances attending its execution and with regard to the amount and character of the property, the decedent's relatives, etc.: Swentzell's Estate, 294 Pa. 261; Frisbie's Estate, 266 Pa. 574; Mayer's Estate, 289 Pa. 407.

Standing by itself, the phrase "all but $200" would seem to refer solely to the stocks, bonds and mortgages, and also the words "what is left goes to Florence" may seem to refer solely to the insurance money; but on reading further we find: "I want it understood that at any time Florence Jakemeit wants to sell stocks, bonds or mortgages or real estate she is at liberty to do so." Now Florence was not named as executrix, and if she took, as the heirs contend, no real estate, and since she was not an executrix, she could have no possible interest in selling the real estate unless the testator meant any real estate to go to her. We have an inchoate situation with regard to the foreclosure and subsequent acquisition of real estate, an illiterate testator who was probably ignorant of its exact status, and who is obviously incapable of expressing his meaning in a coherent way. We think it clear, however, that, with the exception of the bequest to one of his executors, he intended to pass his entire estate to Florence Jakemeit. Whether, therefore, we regard such real estate as personalty or realty, we think the language of the will, read in the light of the circumstances, passes the decedent's entire estate (with the exception of the specific bequest) to Florence Jakemeit. The rule is made absolute and judgment entered for the plaintiff and against the defendants upon the pleadings.