## Colladay's Estate

*Clarence E. Hall,* of *Orr, Hall, Williams & Baxter,* for petitioner.

LADNER, J., March 3, 1944.—Petitioners are the succeeding and surviving trustees under the will of Charles T. Colladay, deceased, and aver in their petition that a certain mortgage investment which they held was foreclosed and a deficiency judgment was obtained against the owner in the sum of $21,068.27. In satisfaction thereof, petitioners accepted therefor title to 11 properties. One of these, 2261 North Woodstock Street, has been sold and the title company insuring the purchaser raises the question of the power of petitioners as trustees to make the sale. We agree that the power to sell real estate as granted in the will is restricted to decedent-owned real estate.

The learned counsel for the trustees who has presented this petition, which asks us for a decree authorizing the sale under the Revised Price Act of June 7, 1917, P. L. 388, states very frankly that he does so merely because the title insurance company requested such a decree, but that he does not believe such decree is necessary because the real estate in question may properly be treated as personal property, and that having been acquired in satisfaction of a judgment in personam it carries with it the attributes of personalty. We agree and think the case of Oeslager v. Fisher, 2 Pa. 467, is controlling. There an executor bought the land of a judgment debtor to the estate for an amount equal to his own and prior liens. He subsequently conveyed the land as executor and after succeeding conveyances the question was raised as to the validity of the title which the executor had conveyed. It was held that the property thus acquired was in the nature of a temporary investment for the benefit of

the estate and concluded that, the full legal title being thus in the executor, there was no equity which could take it away from the purchaser for a valuable consideration. See also Robinson et al. v. Pierce et al., 278 Pa. 372, 378, and Fell's Estate, 14 Phila. 248 (Penrose, J.).

Petitioner's counsel argued several other reasons why the trustee should be regarded as possessing the power of sale without order of this court, all of which are set out in his accompanying brief which will be found annexed to the record, but we regard the one as sufficient to sustain our determination to dismiss the petition.

Ordinarily we will, for the purpose of clearing objections raised by the title company, give our decree even though in our opinion unnecessary. This is because, as pointed out by Judge Penrose in Fell's Estate, supra, even though we regard the apprehension of the purchaser or his conveyancer as groundless, nevertheless we will not refuse the decree because the removal of the supposed cloud on the title is itself sufficient reason to induce action of this court. However, it was stated at the argument that the title company in question would be entirely willing to insure the purchaser's title if we refused the decree because in our opinion unnecessary.

The learned counsel for petitioners asks us to pursue that course if we are of the conclusion the trustees have power to convey without decree of this court, because titles to 11 properties are involved and such ruling will make unnecessary separate application to this court as each property is sold.

Acceding therefore to this request, and being clearly of the opinion that petitioners have full power to dispose of the said properties thus acquired, just as any other personal estate which retained its natural form and character, and that their deed will confer on their vendee a title valid and free from the objection raised, we now dismiss the petition.