# F. Futhey Smith, Executor, *v.* John A. Snyder, Appellant.

*Landlord and Tenant—Notice—Termination of lease—Holding over—Waiver.*

A lease from year to year required that notice of an intention to terminate the lease should be in writing. Three months before the end of the year the lessee gave verbal notice to the lessor's agent of his intention to vacate the premises at the end of the year. The agent did not insist on the written notice or ask for one. Before the end of the year the lessee told the agent that he would be willing to remain on the premises as tenant from month to month. The agent told him that he would communicate with the lessor, and let him know in time. The agent had no further communication with the lessee until after the end of the year. The lessee remained in possession, and about a month after the termination of the year was informed by the lessor that he would not be accepted as a tenant from month to month. *Held,* that while a jury would be justified in finding a waiver of the written notice, yet the agent's conduct did not create a new tenancy, and the tenant held over as tenant from year to year.

Argued Jan. 16, 1895.   Appeal, No. 114, July T., 1894, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1894, No. 709, making absolute a rule for judgment for want of a sufficient affidavit of defense.   Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.   Affirmed.

Assumpsit for rent.

Plaintiff claimed to recover $120, being for four months' rent of premises 2221 Wallace street, Philadelphia, due Dec. 1, 1893, Jan. 1, 1894, Feb. 1, 1894, and March 1, 1894.

Defendant filed the following affidavit of defense:

" That on or about May 20, 1893, I went to the plaintiff and gave him notice of my intention to vacate the premises, No. 2221 Wallace street, at the end of the current year, at which time the plaintiff did not insist upon the written notice of my intention, nor did he ask for one.

" On or about August, 1893, a few days before the expiration of the current term, I called again to see him and told him that I would be willing to remain in the house from month to month after the expiration of the current term, and the plaintiff told me that he would see Mrs. McFetrich, widow of John H.

McFetrich, of whose estate the plaintiff is the executor, to see whether she would be willing that I should remain on the premises as a tenant, from month to month, and told me that he would let me know in time, so that I should not be prejudiced by any action of mine by reason of the running of time or remaining in possession of the premises. I therefore, under these representations, believing that my notice to quit had been acquiesced in, and believing that as I had not received any notice to the contrary from the plaintiff, but relying upon his promise, remained in possession of said premises, as a tenant, from month to month. Subsequently, and after September, 1893, I was informed by the plaintiff that Mrs. McFetrich would not accept me as a tenant from month to month. I thereupon vacated said premises on the 7th day of November, 1893, and paid all rent in full to Dec. 1, 1893. On the said 7th day of November, 1893, I surrendered possession of the premises to the plaintiff and sent him the keys, which were not returned, but which he still retains, and the plaintiff entered into possession of said premises and leased them to another tenant who entered into possession of same, in March, 1894, for which month he seeks to hold the defendant.

" I further aver that having given the notice three months before the expiration of the current year of my intention to leave, I remained upon the premises after September 1st, relying upon the representations of the plaintiff and believing therefrom that I remained simply as a tenant from month to month. I further aver that I have paid all rents due during my possession of said premises as aforesaid."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*J. Campbell Lancaster, Malcolm G. Campbell* with him, for appellant.—The plaintiff must be presumed to have accepted the surrender, as he exercised such acts of ownership as re-renting the property and accepting a tenant and putting him in possession for one of the months for which rent is claimed : Pratt v. Richards, 69 Pa. 53 ; Vetter's App., 99 Pa. 52; Wilgus v. Whitehead, 89 Pa. 131; Auer v. Penn, 92 Pa. 444;

Groves v. Donaldson, 15 Pa. 128; Brownfield v. Brownfield, 151 Pa. 567.

The claim and judgment embrace the month of March, 1894, during which month the defendant avers the plaintiff leased the house and put another tenant in possession. This, it cannot be doubted, relieved the defendant at least from that month: Auer v. Penn, 92 Pa. 444; Auer v. Penn, 99 Pa. 370; Tiley v. Moyers, 43 Pa. 404; Wolf v. Guffey, 161 Pa. 276.

*E. O. Michener*, for appellee.

Opinion by Mr. Justice McCollum, May 30, 1895:

The lessee gave notice in time of his intention to terminate the tenancy at the end of the current year. True, the notice was not in writing as required by the lease, but it was competent for the lessor to waive this requirement, and to accept and act upon the verbal notice as sufficient for the purpose for which it was given. A waiver may ·be evidenced by express agreement, or by declarations and conduct from which a fair implication of it arises. When the verbal notice was given there was no objection or suggestion made that it was not such notice as the lease called for. When the lessee in the last month of the term proposed to remain in possession of the premises after the expiration of it, as a tenant from month to month, the lessor's agent to whom the proposition was made promised to see whether the lessor was willing that he should so remain, and to let him know in time so that he should not be prejudiced by holding over. In this promise there was a recognition of the sufficiency of the notice and the resultant right of the lessee to terminate the tenancy at the end of the current year. The agent did not communicate to the lessee before the term expired the result of his conference with the lessor, and the lessee construing the failure to do so as an acceptance of his proposal to remain in the house thereafter as a tenant from month to month, continued in possession of it. Was he justified in so construing the broken promise of the agent? We confess our inability to discover in it any authorization of a continued possession of the premises on new terms. If the lessee in pursuance of the notice he gave had vacated the premises and the lessor had sued him for rent accruing the next year, on the ground that he had

not given the notice required by the lease a jury would have been justified in finding from the conduct of the lessor a waiver of written notice and such finding would have defeated his claim. But this conduct did not create a new tenancy nor authorize a finding from it of an acceptance of the lessee's proposal.

Judgment affirmed.