# Denniston *v.* Haddock, Appellant.

*Mines and mining—Lease of coal—Sale of coal.*

A conveyance of coal in places is not necessarily a sale, and the rules applicable to sales, are not to be applied indiscriminately to instruments which are leases, though in fact sales in form. Each instrument is to be construed like any other contract by its own terms.

Where a lease of coal for a term of twenty years provided for the payment of minimum royalties, and the lessee was prevented by strikes and other circumstances from mining coal to the full extent of the minimum which he had paid, he cannot after the lease has expired by limitation, and he has taken a new lease, defalk the overpayments under the old lease from the royalties due under the new one.

Time in a lease in respect to the length of the term is a limitation of the estate, and always of the essence of the conveyance.

Argued April 15, 1901. Appeal, No. 345, Jan. T., 1900, by defendant, from order of C. P. Luzerne Co., Oct. T., 1894, No. 1311, dismissing exceptions to report of referee in case of Margaret Denniston et al. *v.* John C. Haddock. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit to recover coal royalties.

Exceptions to report of J. A. Opp, Esq., referee.

From the record it appeared that on September 27, 1870, Margaret Denniston, and others executed a lease of coal to Charles Hutchison, whose interest became vested in John C. Haddock. This lease was for twenty years and provided for the payment of a minimum royalty. It appeared that Hutchison and his successors in title paid royalties during the whole term of this lease, but on account of strikes and other circumstances were prevented from mining coal to the full extent of the minimum paid. On September 22, 1891, the lessors executed a new lease which was to take effect October 1, 1891. Haddock the lessee was continuously in possession of the property during the term of both the old and new lease, and the period between them. He claimed to defalk the overpayments under the old lease amounting to $15,000, from the royalties due under the new lease.

The referee refused to allow such defalcation and exceptions to his report were overruled by the court.

*Errors assigned* were in overruling exceptions to referee's report.

*H. W. Palmer* and *S. J. Strauss*, with them *F. W. Wheaton*, for appellants.—That the title to the coal for which the appellant actually paid during the term of the first lease actually passed from the lessor to the lessee has been decided ten times in this court and is no longer a mooted question : Sanderson v. Scranton, 105 Pa. 469 ; Lazarus's Estate, 145 Pa. 1; Kingsley v. Hillside Coal & Iron Co., 144 Pa. 613.

The doctrine of fixtures applies. A tenant who has remained in possession after the expiration of the term, has the right to take away his fixtures : Penton v. Robart, 2 East, 88 ; Mackintosh v. Trotter, 3 M. & W. 184 ; Lewis v. Ocean Nav. & Pier Co., 125 N. Y. 341 ; Wick v. Bredin, 189 Pa. 83.

Time was not of the essence of the contract : Decamp v. Feay, 5 S. & R. 323 ; Tiernan v. Roland, 15 Pa. 429 ; Summerson v. Hicks, 134 Pa. 566 ; D'Arras v. Keyser, 26 Pa. 249 ; Haverstick v. Erie Gas Co., 29 Pa. 254 ; Townsend v. Lewis, 35 Pa. 125 ; Remington v. Irwin, 14 Pa. 143 ; Kitchen v. Stokes, 9 W. N. C. 48.

The rule is that in equity time is prima facie, not essential : Parkin v. Thorold, 16 Beav. 59 ; Remington v. Irwin, 14 Pa. 143 ; Day v. Hunt, 112 N. Y. 191 ; Butler v. Archer, 76 Iowa, 551.

*William S. McLean*, with him *D. O. Coughlin*, for appellees.— The doctrine applicable to the removal of trade fixtures is not analogous to the question raised in the assignments of error : Davis v. Moss, 38 Pa. 346.

The doctrine, that time is or is not, of the essence of the contract does not affect limitation upon estates.

OPINION BY MR. JUSTICE MITCHELL, October 11, 1901 :

It has been said in a number of cases that a conveyance of the right to mine and remove all the coal in a given tract of land, is a sale of the coal in place although the conveyance may

be called a lease. The expression is unfortunate, for while it may have produced no erroneous result in the cases where it is used, it tends to substitute the general rules appertaining to sales, for the rules properly applicable to the particular contract that may be under consideration by the court. Thus for example, in Hope's Appeal, 29 W. N. C. 365, which is practically the starting place of the error, the agreement though called a lease was a purchase of the coal at a fixed price per acre, making a liquidated gross sum, which was payable absolutely in instalments ending within thirteen years, though the lessee had a nominal term of ninety-nine in which to remove the coal. It was justly said by the learned court below whose decision was affirmed here that it was " manifest that the parties contemplated an actual sale of the coal, and not a lease in the ordinary use of that word." In Sanderson v. Scranton, 105 Pa. 469, the lease was expressly made " perpetual until all the coal under the tract is mined," and it was held that this was such a complete severance that the taxes of the city of Scranton on the coal in place were chargeable to the lessee and not the lessor. So in Kingsley v. Hillside Coal & Iron Co., 144 Pa. 613, it was again held that there was such a severance that occupation of the surface was not an adverse possession even against a lessee who had not opened up or entered on actual possession of the coal.

With the decisions in these cases no fault can be found, but the expression that a conveyance of coal in place, even by a lease for a limited term is a sale, is inaccurate as a general proposition of law, and unfortunate from its tendency to mislead, which is apparent in some of the subsequent cases. Whether it would be better to call such an instrument accurately what it certainly was at common law, a lease without impeachment of waste, or to endeavor to reconcile all the decisions by calling it a conditional sale, is not necessary at present to discuss. The point to be noted is that the rules applicable to sales are not to be applied indiscriminately to such instruments but each is to be construed like any other contract by its own terms.

The defense in the present case is an ingenious misapplication of the principle of a sale. Appellant in compliance with his obligation under the lease paid a minimum royalty each year, and at the end of his term had paid more royalty than

would have been required by the coal actually mined. He remained in possession of the land for a year under arrangement with one of the owners, and then took a new lease, under which the royalties now sued for accrued. He now claims to defalk the overpayments under the old lease, on the ground that he had paid for the coal and was entitled to it without further charge, because under his continued possession he could take it away without a trespass. The defect of this view is in the assumption that he had paid for the coal. He had not. He had paid his rent on the stipulated terms, but he had paid nothing for the coal in place. His sole claim and title to that was to mine it during the term of the lease. As to it he was in the position of a lessee of a house bound to pay rent whether he occupied it or not. The fact that he paid without occupying it would not excuse his liability for further rent if he accepted a new lease.

Appellant admits that if he had gone out of possession at the termination of his lease, he would have had no further claim to the coal, but his reason assigned is not the correct one. The right to remove the coal would have ended, not because the lessee had forfeited or abandoned his property in it but because he had never acquired any such property, his right to do so being expressly limited to the term covered by the lease.

There is no analogy to the case of trade fixtures. Such fixtures start as the property of the tenant, and remain his until he forfeits them by failing to detach them from the realty while he is in possession. Here the coal never was appellant's and his only right to acquire it was limited to the term.

Nor can the argument that time was not of the essence of the contract prevail. The principle invoked is not applicable. Time in a lease in respect to the length of the term is a limitation of the estate, and always of the essence of the conveyance.

Judgment affirmed.