# Finley *v.* Philadelphia Rapid Transit Company, Appellant.

*Practice, C. P.—Judgment n. o. v.—Dismissal of motion.*
It is not error to dismiss motions for binding instructions and for judgment non obstante veredicto, if plaintiff is entitled to any damages for the injury of which he complains.

Argued Jan. 8, 1919.   Appeal, No. 8, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1916, No. 3082, on verdict for plaintiff in case of Thomas J. Finley v. Philadelphia Rapid Transit Company.   Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

Verdict and judgment for plaintiff for $4,820.96.   Defendant appealed.

*Error assigned* was in refusing motion of defendant for judgment n. o. v.

*Bernard J. O'Connell,* for appellant, cited: Erbe v. Philadelphia Rapid Transit Co., 256 Pa. 567; Cawley v. B. & O. R. R. Co., 44 Pa. Superior Ct. 340; Reddington v. Philadelphia, 253 Pa. 390; Stern v. Reading, 255 Pa. 96.

*Francis M. McAdams,* with him *William H. Wilson,* for appellee, cited: Morgan v. Westmoreland Electric Co., 213 Pa. 151; Madden v. Lehigh Valley R. R. Co., 236 Pa. 104; Ferry v. P. R. T. Co., 232 Pa. 403; Tucker v. P., C., C. & St. L. R. R. Co., 227 Pa. 66.

OPINION BY MR. JUSTICE SIMPSON, January 20, 1919:

Plaintiff sued the defendant company to recover damages for injuries received by him as a result of the sudden starting of one of its cars while he was endeavoring to enter it as a passenger. The verdict and judgment were for the plaintiff, and defendant appeals, assigning as error only the refusal of its point asking for binding instructions in its favor, and the dismissal of its motion for judgment non obstante veredicto.

In this court defendant's counsel frankly admits "that the appellee was thrown by a trolley car under negligent circumstances must be accepted as a proven fact," and does not allege contributory negligence. His only claim is that the evidence did not justify the conclusion that "the wrongdoer's act produced the injuries complained of."

Admittedly the record shows that at least some of the things complained of were the result of defendant's negligence. Plaintiff was thrown from the car negligently; was rendered unconscious; as defendant's motorman testified, plaintiff was found an hour later at the place where he alleges he had endeavored to board the car; and, two days later, when he fully recovered consciousness, he found the fingers of his hand had been cut off in the hospital to which he had been taken by defendant's employees. It is clear, therefore, that for the

wrong done him he was entitled to some damages, whether or not the injury to his hand was the result of defendant's negligence. Hence the point asking for binding instructions, and the motion for judgment for defendant non obstante veredicto were properly dismissed, for each is predicated upon the claim that plaintiff is entitled to no damages.

The judgment is affirmed.