## STATE v. CAVOUR MINING COMPANY.[1]

### July 11, 1919.

### No. 21,337.

**State mining lease construed — minimum royalty — no subsequent reductions.**

A state mining lease is in fact as it is in form a lease and not a conveyance of ore in place. It provides that there shall be a minimum output of 5,000 tons annually, and that in case such amount is not removed the lessee shall pay the state a royalty of 25 cents per ton on 5,000 tons. There is no provision that if the lessee does not in any one year take such amount the required annual payment paid the state for such year may be applied wholly or in part on ore taken in subsequent years

[1]Reported in 173 N. W. 415.

in excess of the stipulated minimum. It is *held* that the minimum royalty is the agreed compensation for the use and occupancy for a year of the property demised for the purposes and uses and in the manner and with the rights fixed by the lease, and for it the lessee gets, among other things, the right to take within the year 5,000 tons of ore; that it is not the purchase price of 5,000 tons of ore which if not taken within the year may be subsequently taken; that it is not advance royalty, and that the lessee who takes in a given year no ore or less than the minimum cannot have his annual payment of $1,250 for such year applied wholly or in part on royalties accruing in subsequent years on ore mined in such years in excess of the minimum.

Action in the district court for St. Louis county to recover $5,181.71. The answer alleged that under the provision of its lease requiring payment for 5,000 tons of ore per year whether that quantity was mined or not it had paid $1,633.41 before January, 1916, for which, by the terms of the lease, it was entitled to credit when sufficient ore should be mined. The case was tried before Fesler, J., who made findings and ordered judgment in favor of plaintiff for $1,633.41 and interest. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Leon E. Lum,* for appellant.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for respondent.

DIBELL, J.

This is an action by the state to recover the minimum royalty on a state mining lease for a period when no ore was taken. There were findings and judgment for the state and the defendant appeals.

The state lease provides that the lessee shall on the first day of August in each year pay to the state treasurer the sum of $100 until by the terms of the lease 1,000 tons is required to be mined. One thousand tons is required to be mined within five years after the completion of a railroad within one mile of the land leased. The lease then provides: "And that thereafter there shall be mined and removed therefrom at least five thousand tons annually, and that in case the part * * * of the second part shall not annually remove from said land five thousand tons, as above provided, the part * * * of the second part

shall pay to the said state treasurer annually a royalty of twenty-five cents per ton on five thousand tons, which payment shall be made quarterly as hereinbefore specified." G. S. 1913, § 5315. The lessee is given the right to terminate the lease on 60 days' notice.

We have consistently held from the beginning that the state mining lease is not a conveyance of ore in place but that it is in fact as it is in form a lease. State v. Evans, 99 Minn. 220, 108 N. W. 958, 9 Ann. Cas. 520; Boeing v. Owsley, 122 Minn. 190, 142 N. W. 129; State v. Royal Mineral Assn. 132 Minn. 232, 156 N. W. 128, Ann. Cas. 1918A, 145. This view is accepted by the Federal courts. Von Baumbach v. Sargent Land Co. 242 U. S. 503, 37 Sup. Ct. 201, 61 L. ed. 460; United States v. Biwabik Min. Co. 247 U. S. 116, 38 Sup. Ct. 462, 62 L. ed. 1017. It is the generally accepted doctrine relative to similar leases. In the case first cited this conception of the character of the mining lease was found important by this court in determining the constitutionality of the mining lease statute; in the second in determining the course of descent; and in the third in determining a question of taxation; and by the Federal courts, in the cases cited from them, in determining whether royalties are income within certain Federal tax laws. And it is now important in the case before us in determining the effect of the provision for the payment of royalty on the minimum output, when it is not taken at all or but in part in a given year, but in subsequent years amounts in excess of the minimum are taken.

The defendant concedes that it must pay 25 cents a ton on 5,000 tons, or $1,250, each year, whether or not it takes 5,000 tons. Its contention is that if in any one year it does not take ore, or does not take so much as 5,000 tons, it may apply the minimum royalty paid that year wholly or proportionately on ore subsequently taken in excess of the minimum. The state claims that the minimum royalty of $1,250, which concededly must be paid each year, cannot be applied on royalties subsequently accruing on ore taken in excess of the minimum.

The minimum royalty is the compensation agreed by contract to be paid for the use and occupancy for a year of the property demised for the purposes and uses and in the manner and with the rights fixed by the lease, and for it the lessee gets, among other things, the right to take within the year 5,000 tons of ore. It is not the purchase price of 5,000

143—M. 18

tons, which, if not taken, may be subsequently taken. It is not a payment of advance royalty. Many leases provide that if the minimum output is not mined in any one year the minimum royalty paid shall be applied on royalty accruing in subsequent years when more than the minimum tonnage is removed. The state lease does not. If the state lessee has such right it must be put in the lease by construction.

The case of Nelson v. Republic Iron & Steel Co. 153 C. C. A. 211, 240 Fed. 285, decided by the circuit court of appeals of this circuit, construing a Minnesota lease of similar form, is substantially in point. It holds that in the absence of a contract provision to that effect the minimum payment for a given year, when no ore or less than the minimum is taken, cannot be applied on subsequently accuring royalties on ore taken in excess of the required minimum. The cases support this holding and we cite the following as of direct or indirect value: Woodruff v. Gunton, 222 Pa. St. 384, 71 Atl. 851; Lehigh Valley Coal Co. v. Everhart, 206 Pa. St. 118, 55 Atl. 864; Denniston v. Haddock, 200 Pa. St. 426, 50 Atl. 197; Berwind-White Coal Min. Co. v. Martin, 124 Fed. 313, 60 C. C. A. 27; Swan v. Brown, 8 Kan. App. 505, 56 Pac. 141; Wonsetler v. Andrews, 58 Oh. St. 551, 51 N. E. 168; Lehigh Zinc & Iron Co. v. Bamford, 150 U. S. 665, 14 Sup. Ct. 219, 37 L. ed. 1215. The state lease does not, considering alone the language it uses, or considering it with due reference to the history of mining development and mining conditions when the state authorized the lease, evince an intent that the payment of royalty on the minimum output, when no ore or less than the minimum is taken in one year, shall be applied wholly or proportionately on royalties accruing in subsequent years on ore mined in excess of the minimum, and there can be no such application.

Judgment affirmed.