## Gold et al. *v.* Fox Film Corp., Appellant.

Argued April 20, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, SCHAFFER and MAXEY, JJ.

*Roy M. Livingston,* with him *Benjamin H. Levintow,*
for appellant.—The necessity of written notice of inten-
tion to terminate the lease was waived and the lease
terminated April 30, 1926. The documentary evidence
made the waiver of notice a question of law for the
court.

Formal notice of intention to terminate required to be
given by a lessee, may be waived by the lessor: Boswell
v. Chalmers, 73 Pa. Superior Ct. 543; Kiester v. Miller,
25 Pa. 481; Smith v. Snyder, 168 Pa. 541.

The meaning and definition of the language contained
in the letters of Mr. Davis, was for the court, and not
for the jury, to interpret: Fotterall v. Armour, 218 Pa.
73; Ryon v. Starr, 214 Pa. 310; Miller v. Fichthorne,
31 Pa. 252; Fisher v. Moyer, 17 W. N. C. 500; Bryant
v. Haggerty, 87 Pa. 256.

*William Potter Davis, Jr.,* for appellees.—Where
plaintiffs prove tenant's removal without notice under a
continuing lease, the conduct and letters of the plain-
tiffs to establish notice or waiver are issues of fact for

the jury: Fotterall v. Armour, 218 Pa. 73; Miller v. Fichthorn, 31 Pa. 256; Bryant v. Hagerty, 87 Pa. 256.

OPINION BY MR. JUSTICE WALLING, May 11, 1931:

By written lease, the plaintiffs, Jacob N. Gold and Herman Segal, demised to the defendant, Fox Film Corporation, the building and premises Nos. 1315-1317 Vine Street, Philadelphia, for a term of six years commencing May 1, 1920, at stipulated rent which, for the last year of the term and any extension thereof, was $7,200 per annum, in monthly payments. Pertinent provisions of the lease may be found in the opinion of this court on the former appeal. See Gold et al. v. Fox Film Corporation, 289 Pa. 429, 431, by which it appears that the tenancy was to continue after the expiration of the six years as a lease from year to year on the same terms, with the provision: "That either party hereto may determine this lease at the end of said term by giving written notice thereof at least three months prior thereto, but in default of such notice, this lease shall continue, upon the same terms and conditions as herein contained, except at the annual rental of seventy-two hundred ($7200) dollars, for a further period of one year, and so on from year to year, until terminated by either party hereto giving the other three months' written notice for removal previous to the expiration of the then current term." The lease contained a further provision as follows: "Lessee agrees that if lessee shall, at anytime during the continuance of this lease, remove or attempt to remove lessee's goods or property out of or from said premises, without first having paid and satisfied lessors in full or for all rent which may become due during the entire term of this lease, then and in such case such removal or attempt to remove shall be considered as fraudulent, and the whole rent of this lease or any part thereof, at the option of lessors, shall be taken to be thereupon due and payable and in arrear." The lease also

contained a power of attorney to confess judgment for any rent that might be in arrear.

Without having given written notice of its intent to end the lease, the defendant, on April 30, 1926, being the last day of the six-year term, vacated the premises and removed its property therefrom. Some two months thereafter the plaintiffs caused judgment to be confessed on the lease against the defendant, inter alia, for the rent for the year commencing May 1, 1926, on the assumption that the lease by its terms was effective during that year, as the defendant had failed to give the three months' written notice. The action of the lower court in refusing to strike off the judgment was affirmed in the case above cited; thereafter the trial court opened the judgment and let the defendant into a defense, but the verdict of the jury for plaintiffs included the rent for the year in question, and from judgment entered thereon the defendant brought this appeal.

It may be a hard case, but, notwithstanding the strenuous efforts for appellant, the record discloses no cause for reversal. While the absence of written notice is conceded, it is urged that, as early as May, 1925, defendant's agent gave plaintiffs' agent verbal notice of an intent to vacate at the end of the six-year term (April 30, 1926), and that this was followed by such acts and conduct on part of plaintiffs as to constitute a waiver of written notice. Written notice of course can be waived, as the trial judge told the jury and the acts and conduct of the parties may be such as to constitute a waiver of written notice: Smith, Executor, v. Snyder, 168 Pa. 541; Boswell v. Chalmers, 73 Pa. Superior Ct. 543. In the instant case the question of waiver was submitted to the jury. Plaintiffs' agent, however, testified that defendant's agent never gave him any notice of an intention to quit, verbal or otherwise.

As early as May, 1925, defendant took some steps which plaintiffs thought showed an intent to remove its property from the premises. This caused plaintiffs to

consider the entry of judgment on the lease for the rent for the balance of the six-year term. After some conferences, and correspondence, it was mutually agreed that the rent might be paid monthly as theretofore, which was done until the defendant's removal from the premises as above stated. During the discussion as to the defendant's supposed intent to remove property from the premises, plaintiffs' attorney on July 14, 1925, wrote the defendant calling attention to the fact that the lease expired May 1, 1926, charging the defendant with an attempt to remove its property from the premises and demanding the rent for the balance of the term. On the next day, July 15, 1925, he wrote defendant an additional letter, as follows: "Supplementing my letter of yesterday in relation to lease 1315 Vine Street, Philadelphia, I am informed that Arthur Boswell billed you yesterday for $462.00 covering balance due for taxes for 1925 on the above premises. Estimating the taxes for 1926 on the same basis as 1925, the excess for 1926 will be $462.00 and your proportion for four months (that is to the termination of the lease) will be $474.00. Please include these amounts in your check, and oblige." Appellant urges that the letter just quoted indicates an understanding that the tenancy was to end on April 30, 1926, and, as following the verbal notice, was a waiver of written notice. The answer to these letters, under date of July 22, 1925, however, does not indicate that the defendant so construed them. It is, inter alia, as follows: "The manager of our Philadelphia offices advises me that we have not vacated premises 1315-17 Vine Street, and are continuing to use the same for motion picture film exchange purposes, and it therefore seems to me that there is no violation of the terms of our lease in that respect. ...... We have been a tenant in the premises for a number of years and we find that it is necessary for us to obtain additional quarters and I cannot see why the landlord should be in any way concerned in reference to his rent. The Fox Film Corporation is

more than financially responsible and I can assure you that the rent will be paid very promptly each and every month as we have always done......and the lease will be fully complied with in every respect by the Fox Film Corporation. I am indeed very sorry that the pleasant relations with the landlord, continued for so many years, should at this time be strained, and I sincerely hope that you will take the matter up with your client and assure him that we will in all respects comply with the terms of our lease, and I hope our relations will continue in the same way." There is nothing in this letter to indicate an understanding that notice had been given to end the tenancy, or that it was to end at the expiration of the six-year term. Defendant stresses the fact that the plaintiffs' letter uses the expression "termination of the lease" as indicating an act of the parties, while the word "expiration" indicates the end of the tenancy by the terms of the lease. Granting that such is their usual signification, we agree with the trial judge that the meaning of these two words, as used by plaintiff's attorney, was identical. For in his letter of July 14, 1925, he says: "The lease expires May 1, 1926," and in his letter of the next day that this date is the termination of the lease. In both instances he was referring to the acceleration of the due date of the rent by reason of defendant's removal of property from the leased premises. This acceleration must of course be confined to the balance of the six-year term as either party could then have so ended the tenancy by giving the three months' notice. The acceleration clause was for the landlord's protection and must be limited to a certain and not an uncertain term. Had the time then expired for giving the three months' notice it might properly be held that there had been a definite extension of the term for another year, but it had not. As the attorney was referring to the end of the six-year term it was of no moment whether he used the word "expiration" or "termination." There was therefore no occasion for the trial judge to answer

requests as to the definitions of "termination" and "expiration" and his remark, that the jury should consider the common understanding of the words, did the defendant no possible harm. No reference is made in the statement of questions involved as to the refusal of the trial judge to affirm certain other points submitted for defendant, hence they are not properly before us. We have nevertheless examined them and find no substantial error. So far as sound, defendant's requests were affirmed or answered in the general charge. Neither could the letters be construed as a notice of an intent to end the tenancy, as such notice must be certain, positive and unequivocal. See Spiess v. Simon, 65 Pa. Superior Ct. 311; Jackson & Gross, Landlord & Tenant, page 271; although no set form of words is necessary: Fotterall v. Armour, 218 Pa. 73.

But defendant urges that the last letter from plaintiffs' attorney was a recognition of the prior verbal notice and hence a waiver of written notice. There was, however, a sharp conflict in the evidence as to whether a verbal notice had been given, while the uncontradicted testimony of plaintiffs' attorney is that when writing the letters he had never heard of any verbal notice or claim that one had been given.

The trial judge, as above stated, submitted the question of waiver of written notice to the jury, including the evidence on the question of verbal notice, and the letters. Appellant urges that the court should have construed the letters. Whether he should or not, the failure to do so enured to the benefit of the defendant, for had the trial judge construed the letters it would have been his duty to say they neither amounted to written notice nor to a waiver thereof. There is nothing to indicate that the plaintiffs voluntarily accepted the surrender of the premises (see Kiester v. Miller, 25 Pa. 481) ; so far as appears, they remained vacant for the year in question.

The criticism of the charge as being unfair is entirely unwarranted. It was not a case where the trial judge could instruct the jury to find for the defendant or where the motion for judgment in its favor n. o. v. could be granted. This was especially true as part of plaintiffs' claim was uncontested and is not involved in this appeal. See Finley v. P. R. T. Co., 263 Pa. 403. If the record justified it we could, however, reduce the judgment by the amount of the year's rent, but as to that, binding instructions for the defendant could not properly have been given.

One new trial had been granted and the propriety of granting another was a matter for the trial court's discretion: Pfeffer et al. v. Johnstown, 287 Pa. 370. There is nothing else in the record that seems to require comment.

The judgment is affirmed.