215 P.2d 233

**SHAW v. BEALL.**

No. 5112.

Supreme Court of Arizona.

March 6, 1950.

cover upon a written contract entered into by the parties on September 24, 1945.

By the terms of the contract plaintiff granted to defendant the exclusive right to use or to license others to use a certain patent belonging to plaintiff covering the processing of mineral aggregates used in road construction, during the life of the patent or a renewal thereof.

In consideration of said grant the defendant agreed to pay to plaintiff the sum of $250 cash upon the execution of the contract and $1,000 on the first day of October, 1946, and $1,000 on the first day of October of each succeeding year that the agreement remained in effect. The contract further provided that "At the end of any year the said I. G. Beall (defendant) may terminate this agreement by giving fifteen days' notice of his desire so to terminate."

Defendant paid to plaintiff the sum of $250 cash at the time the contract was executed but failed and refused to make the payment of $1,000 due October 1, 1946, and alleged in his answer as a defense for not doing so that in June, 1946, he "* * * informed the plaintiff of his desire and intention to terminate the agreement * * * and by such notice did terminate said agreement before the expiration of the first year of said agreement, and by reason thereof, is not indebted to the defendant in any amount whatsoever by virtue of the terms of said agreement."

Franklin E. Vaughan, Tucsôn, for appellant.

Jennings, Strouss, Salmon & Trask, Phoenix, J. A. Riggins, Jr., Phoenix, of counsel, for appellee.

PHELPS, Justice.

Richard J. Shaw, referred to as plaintiff, brought this action in the Maricopa County Superior Court against I. G. Beall, referred to as defendant herein, to re-

After motion of plaintiff for summary judgment was denied the cause was tried by the court without a jury and judgment entered for defendant.

From this judgment plaintiff appeals and assigns as error:

1. That the trial court erred in denying plaintiff's motion for a summary judgment upon the ground that under the terms of the contract defendant could not terminate said contract before the expiration of the year.

2. The court erred in entering its findings and judgment for the defendant for the reason there was no credible evidence to support the defense that the contract had been cancelled.

3. The court erred in entering its findings and judgment for defendant upon the ground that the evidence for cancellation was evenly balanced and did not predominate in favor of defendant.

We do not agree with plaintiff's position that the defendant could not prior to the expiration of the first year give notice of his intention to terminate the contract at the end of that year. The cases cited by appellant are not of very great aid to the court. They indicate that the word "at" must be interpreted in the light of its association with other words used in a contract and the end to be achieved. In view of the conclusion reached herein we do not deem it necessary to differentiate these cases from the instant case, nor to discuss the question raised in plaintiff's assignment of error No. 3. The contract is lacking in clarity but it is apparent that what was intended to be provided therein was that defendant by giving at least fifteen days' prior notice might terminate the contract "at the end of any year." No exception is made in its application to the first year as claimed by plaintiff. It says "at the end of any year" the contract may be terminated by giving the required notice. Certainly the contract could not have been terminated prior to the expiration of the first year but that does not mean that notice thereof could not have been given at any time at least fifteen days prior thereto which would have the effect of terminating the agreement at the end of the year. We therefore hold that if the notice given was sufficient the judgment must be affirmed as we are of the opinion that under the pleadings summary judgment for plaintiff could not properly have been given by the trial court upon the record before it. Under the allegation that "by such notice (defendant) did terminate said agreement" defendant could have shown an adequate notice of termination if such notice actually had been given.

Let us see if the notice shown by the evidence is sufficient to comply with the law. Defendant testified in support of his allegation that oral notice of termination of the contract was given in that

he told plaintiff in June, 1946, "he was going to be too busy to spend any further time on the attempted sale of this patent and he was free to do anything he wished with it." Under the rule laid down and the authorities cited we are of the opinion that this notice was wholly inadequate. According to all the authorities cited the notice of termination must be clear, conveying an unquestionable purpose to insist upon a termination. Wright v. Bristol Patent Leather Co., 257 Pa. 552, 101 A. 844, 845; Gold et al. v. Fox Film Corporation, 304 Pa. 114, 120, 155 A. 287. In the latter case the court said the notice must be certain, positive and unequivocal. Many other cases cited are to the same effect.

■ That the defendant did not by the above statement intend it as a notice of his intention to terminate the contract is further confirmed by the defendant's other testimony. He stated in substance that it was his interpretation of the contract that by its terms such contract expired one year after its execution unless defendant gave notice to the contrary. This being true he did not consider a notice to terminate said contract necessary therefore his statement to plaintiff in June that he was too busy to spend further time in attempting to sell the patent to others could not have been intended by him as a notice of termination thereof and according to plaintiff's undisputed testimony was not so understood by him.

The judgment of the trial court is reversed with directions to enter judgment for plaintiff as prayed for.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concurring.