## Boron, Appellant, *v.* Smith.

Argued November 9, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Sebastian C. Pugliese,* with him *Walter M. Swoope, F. Cortez Bell, Sr., F. Cortez Bell, Jr.,* and *Bell, Silberblatt & Swoope,* for appellant.

*Joseph S. Ammerman,* with him *John M. Urey, Donald R. Mikesell* and *Urey, Ammerman & Mikesell,* for appellees.

OPINION BY MR. JUSTICE JONES, January 4, 1955:

The questions of law raised on this appeal are both procedural and substantive. Logically, we shall treat first with the matter of procedure. However, a recital of material facts is essential to an understanding of all of the problems presented.

Joseph M. Boron, the plaintiff, became the lessee of certain coal lands of the defendants under written lease executed on January 7, 1942, for a term of ten years. The lease conferred on the lessee the right to mine and remove the coal at either of two fixed royalty prices (depending upon whether the coal was mined by the stripping method or by the drift method) with a prescribed annual minimum royalty payable in monthly installments. The lease also conferred on the lessee "the right and privilege . . . to renew the same for a further term of ten (10) years at the expiration of the ten year term herein provided for. Providing [the lessee] . . . shall give the lessors, or their agent, Alta L. Smith, six (6) months' written notice prior to the expiration of the term herein provided for of his desire and intention to renew this lease."

The term of the lease having expired without written notice being given the lessors of the lessee's desire and intention to renew the lease for anothr ten-year term, the lessors repossessed themselves of the coal property and made a lease thereof to other persons. More than a year after the expiration date of the

lease, Boron instituted the present suit in equity. He sought thereby to enjoin the defendants from interfering with his alleged rights under the lease of January 7, 1942, and demanded damages and an accounting. In his bill of complaint, he averred that the lease of January 7, 1942, had been renewed for another ten-year term in the following manner: "That before said time set forth in said lease for renewal of said lease the question of renewal was discussed with Lewis Smith, one of the lessors. Lewis Smith stated to the plaintiff that the other lessors would consent to a renewal and there would be no need to give a formal written notice of the renewal." He further averred that he had paid by check to Alta Smith, the lessors' agent, the minimum monthly royalty of $50 for the first month, viz., January 7, 1952, to February 7, 1952, of the allegedly renewed term of ten years. Notably, the plaintiff failed to aver any authority in Lewis Smith from his co-lessors to change the requirement of a written renewal. And, nowhere did he aver that he had served on the lessors a written notice of his desire and intention to renew the lease of January 7, 1942, as required by the lease.

The defendants filed preliminary objections to the complaint, principally on the grounds that the plaintiff did not plead a written notice for the alleged renewal of the lease of January 7, 1942, or authority from the lessors to anyone to renew the lease by parol and that the check for $50 which the defendants' agent received from the plaintiff in January, 1952, was actually in payment of the minimum royalty due for December, 1951, the last month of the expired lease, as shown by the plaintiff's own letter of transmittal. The court overruled the preliminary objections with leave to the defendants to answer over. In their answer to the merits, the defendants denied, inter alia, that the

lease of January 7, 1942, had ever been renewed or that the payment of $50 to Alta Smith in January, 1952, was in payment of the minimum royalty for the first month of a renewal term. They did admit, however, that the plaintiff was entitled to 90 days after expiration of the term within which to remove his property and equipment from the demised premises and stated that the plaintiff still had their permission, as of the time of their answer, to remove his property and equipment.

The plaintiff moved for judgment on the pleadings. After argument on the motion, the learned judge of the court below, in a thorough and well-reasoned opinion, entered judgment for the defendants. This appeal by the plaintiff followed.

The appellant contends that the court lacked power to enter judgment for the defendants on the plaintiff's motion for judgment in his favor on the pleadings. The contention is without merit. Under Rule 1034 of the Pennsylvania Rules of Civil Procedure, after the pleadings are closed, *any* party may move for judgment on the pleadings. And, if there are no unresolved issues of material fact, the court may proceed to the entry of a final judgment on the basis of the pleadings. Nor is it important to the ultimate decision which party moved for judgment. Subsection (b) of Rule 1034 provides that "The court shall enter such judgment or order as shall be proper on the pleadings." This has been interpreted to mean that "The judgment may be entered for or against any party without regard to whether he was the moving party": 2 Anderson, Pennsylvania Civil Practice, p. 549. We approve that conclusion. It would be irrational to deny judgment on the pleadings to the party rightly entitled thereto simply because he happened not to be the party who made the motion for judgment. Moreover, the pres-

ent defendants questioned timely the sufficiency of the plaintiff's complaint by preliminary objections of which the judge then presiding made short disposition. When the plaintiff himself later moved for judgment on the pleadings, the question whether he had pleaded a valid cause of action necessarily recurred. Whether the complaint stated a cause of action was an inquiry essential to a consideration of the motion for judgment.

Coming to the substantive questions, the appellant argues that (1) the lessors waived written notice of the lessee's desire and intention to renew the lease and (2) the lease constituted a sale of the coal in place for all of which the plaintiff fully paid in royalties during the term and was, therefore, entitled to remove the remaining unmined coal after the expiration of the lease. Neither of these contentions is tenable. Not only did the complaint not aver any authority in Lewis Smith to consent in behalf of all ten lessors to a waiver of the written notice of the lessee's desire and intention to renew, which the lease required, but there is no averment that Lewis Smith assumed to do so. The lease provided that the written notice to renew should be served on Alta Smith, the specifically named agent of the lessors, and the complaint does not aver any change whatsoever in that provision. The $50 check in payment of the monthly minimum royalty which the plaintiff mailed to Alta Smith on January 19, 1952, was for the month of December, 1951, as the plaintiff's letter of transmittal expressly stated and was, therefore, for the last month of the expired lease and not for the first month of a renewal term.

Even if the plaintiff paid royalties (including the monthly minimums) during the term in an amount in excess of the total royalties due or to become due for all of the mineable coal in the leased property, still it

was the plaintiff's duty to mine and remove the coal during the term of the lease. For, while the instrument granting the right to mine the coal in the lands of the grantors, even though denominated a lease, constituted a sale of the coal in place, the transaction was conditioned upon the coal's being removed by the grantee within the specified term of the lease: *Shenandoah Borough v. Philadelphia,* 367 Pa. 180, 186, 79 A. 2d 433; and *Estate of Lazarus,* 145 Pa. 1, 8, 23 A. 372. The term of the lease was a limitation on the lessee's estate and was of the essence of the agreement: *Denniston v. Haddock,* 200 Pa. 426, 429, 50 A. 197. The appellant, not having validly renewed the lease, was without any right to mine and remove coal from the demised premises after the expiration of the fixed term.

The cases cited by the appellant are readily distinguishable. In *Robinson v. Pierce,* 278 Pa. 372, 123 A. 324, the agreement fixed no time limit for the mining and removal of the coal, while in *Smith v. Glen Alden Coal Company,* 347 Pa. 290, 32 A. 2d 227, the demise extended until all the mineable and merchantable coal was removed. The case of *Penn-Ohio Gas Company v. Frank's Heirs,* 322 Pa. 233, 185 A. 280, involved a forfeiture of an oil and gas lease during its term because of the lessee's failure to pay royalties promptly. There was no question of forfeiture in the instant case —the lessee enjoyed the full term provided by the lease.

The decree is affirmed at the appellant's costs.

DISSENTING OPINION BY MR. JUSTICE BELL:

I consider the majority's decision very unfair. Plaintiff moved for judgment on the pleadings; the Court entered judgment for defendant without giving plaintiff an opportunity to amend.

Plaintiff avers that defendants orally agreed to a renewal of the lease and to waive written notice of plaintiff's intention to renew the lease; and further, that plaintiff had paid defendants in full for all the coal in place, but had not been permitted to remove the coal for which it had paid in full. These averments in my opinion were sufficient to take the case to a jury.

Written notice of the termination or renewal of a lease may be waived either by a subsequent oral agreement or by the acts and conduct of the parties: *Gold v. Fox Film Corp.,* 304 Pa. 114, 155 A. 287; *Smith, Executor v. Snyder,* 168 Pa. 541, 32 A. 64.

A summary judgment will be entered only in a case that is clear and free from doubt: *Waldman v. Shoemaker,* 367 Pa. 587, 80 A. 2d 776; *Kittaning Coal Co. v. Moore,* 362 Pa. 128, 66 A. 2d 273.

Even if plaintiff failed to specifically plead the authority of one defendant to bind his co-lessors, the objection thereto is highly technical, does not go to the merits, and could and would have been immediately corrected if an amendment had been permitted. Furthermore, even on the present pleadings the case for defendants is not clear and free from doubt. Even if the motion for judgment on the pleadings had been made by defendants instead of by plaintiff, the least that a Court, in the interest of justice and fair play, should do under the facts pleaded in plaintiff's bill of complaint, is to give plaintiff leave to amend.

I would reverse the decree of the Court below and grant plaintiff leave to amend its bill of complaint and allow a jury to decide the case on the merits.

Mr. Justice MUSMANNO joins in this Dissenting Opinion.