## Hise v. Conewago Valley School District

*Gerald E. Ruth,* for petitioners.
*Eugene R. Hartman,* for respondent.

MacPHAIL, *P.J.*, June 8, 1977 — This matter is before us on a motion forsummary judgment in a proceeding brought under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, as amended, 12 P.S. §831 et seq. We raise at the outset the availability of such a motion in a proceeding for a declaratory judgment. Certainly, there is no such motion specifically provided for in the act itself, and we have looked in vain for some rule of court which would extend the Pa. Rules of Civil Procedure to proceedings under the act. See comment, 2 Goodrich-Amram 2d §1035(b):7. There is an inherent contradiction in terms when one thinks of a summary judgment for a declaratory judgment. However, we will not rest

our decision in this case upon such a tenuous observation, especially since it was not raised by respondent.

Petitioners in their petition for declaratory judgment state that they are professional employes of respondent school district and that they were covered by the same collective bargaining agreements, salary schedules and school policies as all other professional employes, "more specifically Ronald K. Stoner and William G. Swanger." (None of those agreements, schedules or policies are attached to the petition as mandated by the Act of May 22, 1935, P.L. 228, 12 P.S. §847.)

Next, the petition recites that in 1974, in an opinion of this court (Stoner et al. v. Conewago Valley School District, 66 D. & C. 2d 689, 16 Adams 48 (1974)), we decided a case which controls the suit which they have initiated and which entitles petitioners to additional annual compensation in the form of $20 per college course credit. Paragraph 8 of the petition sets forth the sums allegedly due petitioners but nowhere in the petition is there a statement of how many college course credits petitioners are entitled to or when they were obtained.

The petition does recite that there is no other statutory remedy available and that since respondent will not pay petitioners and their duty to do so is so clear and obvious, not only should this court award petitioners the amounts they claim to be due and owing, but we should also hold respondent in contempt of court for failing to pay.

Without proceeding further, we must pause to note the obvious; our decision in Stoner et al. v. Conewago Valley School District was an adjudication in a nonjury trial. It didn't involve the present

petitioners and it didn't order defendant to do anything. It was a verdict against defendant enforceable or appealable, but even if defendant had not paid plaintiffs in *that* action, no proceedings for contempt of court would lie. If they didn't lie in that case, such proceedings certainly would not lie here!

Being bound by the act to do so, respondent filed an answer to the petition which commenced this action. In that answer, the allegations with respect to petitioner Zook were denied. The application of Stoner v. Conewago Valley School District to the issues raised in this case was denied. The invocation of res judicata and collateral estoppel was denied. Proof was demanded of the calculation of sums allegedly due petitioners. The allegation that no other statutory remedy is available was denied. The allegation that respondent is somehow obstructing petitioners' rights arbitrarily or capriciously was also denied. Also attached to the answer is a professional salary schedule adopted by respondent June 4, 1969, which provides, inter alia, for $20 per college credit for professional employes but which also provides that, ". . . payment for credits does not advance the employee's salary beyond the established maximum."

Briefs of counsel were almost exclusively devoted to the question of whether Stoner v. Conewago Valley School District mandated that respondent pay petitioner what they now claim is due them. Interestingly, the motion for summary judgment is filed on behalf of Hise and Rentzel only. Attached to the motion for summary judgment are affidavits by Hise and Rentzel setting

forth the essential allegations of fact missing from the petition for declaratory judgment, i.e., what college credits were obtained, when and by whom. While provision is made in Pa. R.C.P. 1035(a) for the filing of supporting affidavits in motions for summary judgment, the emphasis must be upon the word "supporting." The provision in the rule is not for the purpose of supplying factual allegations essential to the cause of action which were omitted from the initial pleading. The purpose of such affidavits is to support allegations of fact which appear in the pleading.

Summary judgment may be entered only in the clearest of cases after examining the record in the light most favorable to the nonmoving party, including the benefit of all reasonable inferences to be drawn: Toth v. Philadelphia, 213 Pa. Superior Ct. 282, 247 A.2d 629 (1968), and may be entered only (1) where there is no genuine issue as to any material fact, *and* (2) the moving party is entitled to a judgment as a matter of law: Pa. R.C.P. 1035(b). Since we have already indicated that there are genuine issues of fact in dispute, we could not, under any circumstances, grant judgment to the petitioners. Furthermore, it will shortly appear that petitioners are not entitled to a judgment as a matter of law.

Briefs of counsel on the motion for summary judgment were devoted almost exclusively to the applicability of Stoner v. Conewago Valley School District case to the issue raised by the petition and answer in this case. That issue may be stated as follows: Is respondent obligated to pay incentive payments to the petitioners if such payments ex-

ceed the *maximum* salary schedules established by respondent? The only issue addressed by this court in Stoner et al. v. Conewago Valley School District which related to extra college payments is set forth on page 691 of the opinion in the following language:

"A second issue is whether 'incentive payments' for longevity and extra college credits obtained after employment should be included in determining whether the employe's base salary meets the State *minimum* standards." (Emphasis supplied.)

We decided that such incentive payments could not be used to determine whether the State-mandated *minimum* salary schedule had been met. Nowhere did we address the question of whether such payments were due if such payments would place the employe beyond the maximum salary schedule adopted by the board.

Accordingly, we hold: (1) Stoner et al. v. Conewago Valley School District does not address the issue raised by the pleadings in the case, (2) neither res judicata nor collateral estoppel bar respondent from refusing to pay the sums demanded by petitioners, and (3) respondent is not in contempt of court.

Having concluded that the legal basis upon which petitioners have filed their petition is unfounded, we are now faced with the question of what to do with the case in its present procedural posture. As previously noted, we do not believe that a motion for summary judgment is a proper pleading under the provisions of the Uniform Declaratory Judgments Act. If it were, we would not hesitate to enter judgment for respondent as we would be authorized to do: Boron v. Smith, 380 Pa.

98, 110 A.2d 169 (1955). We have pointed out numerous factual issues raised by the petition and answer. Those issues would normally be resolved by a hearing or a jury trial in a declaratory judgment proceeding. See 12 P.S. §§851, 852. However, by our holding that the sole legal ground upon which petitioners have rested their case is erroneous, we have actually determined that petitioners have no legal basis upon which to proceed under the act and, therefore, it is unnecessary to resolve the factual issues. Petitioners may have recourse to an action in assumpsit to recover any sums allegedly due them because that is what this action really is, a suit at law to recover sums due by virtue of an employment contract. In such an action, it would then be determined whether the school district is financially liable to petitioners.

It seems that our dilemma here can be resolved by treating respondent's answer under the provisions of 12 P.S. §851. The answer certainly raises an issue of law which goes to petitioners' "legal right to have the disputed matter determined in this character of proceeding . . ." Therefore, since we have determined that plaintiffs have no legal right to bring this proceeding, we will make an order "as the situation demands."

## ORDER

And now, June 8, 1977, the motion for summary judgment is denied and petition for declaratory judgment is dismissed. Costs to be paid by petitioners.