**Nelson v. Sidler**

*Rowley, Smith & Lewis,* for plaintiffs.
*David L. Gropp,* for defendant.

KLEIN, *J.,* February 9, 1978 — This case is before the court on plaintiffs' motion for summary judgment as to count I of their complaint in as-

sumpsit. Pa.R.C.P. 1035(b) provides in part as follows: ". . . The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." In connection with the motion for summary judgment, the parties entered into a stipulation with respect to certain material facts. These facts provide as follows:

Plaintiffs were lessees of defendant under a lease having an original nine month term, December 1, 1973, to August 31, 1974, with a year to year holdover clause for renewal terms from September 1 to August 31. Plaintiffs were occupying the subject premises on a holdover term from September 1, 1976, to August 31, 1977, when they notified defendant, by letter dated March 22, 1977, that they planned moving from said premises on or before May 31, 1977. On May 27, 1977, plaintiffs vacated the premises. Defendant assumed possession of the premises on May 31, 1977, gaining entry by use of his landlord's key.

As to their new address, plaintiffs filed the necessary written forms with the Beaver Post Office as to their forwarding address. On June 7, 1977, defendant wrote a letter to plaintiffs, addressed to the subject premises, requesting plaintiffs to surrender their keys to the subject premises. Plaintiffs received this letter at their new address. In response, plaintiff wife left the keys with an employe of defendant at defendant's insurance-real estate office on June 22, 1977.

Under the lease, plaintiffs were required to post with defendant a damage/delinquent rental se-

curity deposit in the amount of $195 and a water and sewage deposit in the amount of $15. Defendant still retains $115 of these moneys. By letter dated July 7, 1977, plaintiffs' counsel requested refund of said $115. Defendant's counsel, by letters dated July 13 and 21, 1977, wrote to plaintiffs' counsel, listing damages against the security deposit in the amount of $90.32, and tendered to plaintiffs a $24.68 refund.

Plaintiffs filed these proceedings seeking to recover double the amount of the security deposit by count I or alternatively, in count II, the return of the security deposit. Subsequently, plaintiffs moved for summary judgment. It is their contention that under The Landlord and Tenant Act of April 6, 1951, P.L. 69, as amended, 68 P.S. §250.512, they are entitled to recover double the amount of the security deposit.

In Prince v. Pavoni, 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973), the court stated its view with respect to the granting of motions for summary judgment: "It is well settled and beyond reasonable dispute that such a severe dispository procedure should not be granted except in the 'clearest' of cases where there is not the least doubt as to the absence of a triable issue of material fact." Id. at 288. We must therefore examine the law with regard to the recovery of security deposits to determine whether or not there exists a triable issue of material fact.

The procedure to be followed in seeking recovery of a security deposit is set out at 68 P.S. §250.512. A simplified analysis of the statute provides as follows:

"The Act [Landlord and Tenant Act] was amended in 1968 to include a specific provision

which deals with security deposits. A tenant who wishes to recover his security deposit initiates the procedure by giving the landlord written notice of his new address at the expiration of the lease term. The landlord, within thirty days, must return deposit less any deductions for damage. The deductions, if any, must be itemized and specified in detail. Failure by the landlord to respond within thirty days gives the tenant a cause of action in assumpsit for double the amount of the security deposit. Comment, Tenant's Rights in Pennsylvania: Has the Middle Class Tenant Been Forgotten?, 12 Duq. L.R. 48, 58 (1973).

Plaintiffs maintain that they surrendered the leasehold premises as of May 31, 1977, gave notice of their new address and did not receive their security deposit, less damages, within 30 days. They therefore claim to be entitled to double the amount of their security deposit. With this contention we cannot agree.

At the outset, there is controversy as to when plaintiffs surrendered the leasehold premises. The facts indicate that plaintiffs vacated the subject premises on May 27, 1977, but it was not until June 22, 1977, that they returned the keys. Which date is to be used is unimportant, however, in view of 68 P.S. §250.512(e). That section provides that: "Failure of the tenant to provide the landlord with his new address in writing upon termination of the lease or upon surrender and acceptance of the leasehold premises shall relieve the landlord from any liability under this section." It is uncontroverted that plaintiffs did not provide defendant with their new address in writing. All that plaintiffs did was to leave a forwarding address at the Beaver Post Office. The only reason that plaintiffs received defendant's request to return their keys was that

defendant addressed the letter to the subject premises and the post office forwarded the letter. Since plaintiffs failed to comply with 68 P.S. §250.512(e), they are not entitled to recover under count I. As to count II, since plaintiffs failed to respond to the averments contained in paragraph 9 of defendant's new matter, the same must be accepted as true and binding upon plaintiffs.

Defendant, in this case, did not move for summary judgment. In Boron v. Smith, 380 Pa. 98, 110 A. 2d 169 (1955), plaintiff had moved for judgment on the pleading under Pa.R.C.P. 1034. The Supreme Court approved the entry of judgment for the defendant and against the plaintiff on the ground that the plaintiff's complaint had not stated a cause of action. The court said: "It would be irrational to deny judgment on the pleadings to the party rightly entitled thereto simply because he happened not to be the party who made the motion for judgment. . . ." Id. at 102. This same rule has been applied to motions for summary judgment. See Allegheny County Port Authority v. Flaherty, 6 Pa. Commonwealth Ct. 135, 293 A. 2d 152 (1972); Weiss v. Motorists Mutual Ins. Co., 68 Berks 152 (1976). In view of the foregoing we deem it appropriate to enter judgment for the plaintiffs in the amount of $24.68. Defendant is entitled to judgment in his favor as to count I.

## ORDER

And now, February 9, 1978, for the reasons stated in the accompanying opinion, it is hereby ordered, adjudged and decreed that plaintiffs' motion for summary judgment is granted. The prothonotary is directed to enter judgment in favor of plaintiffs and against defendant in the amount of $24.68.